SHUEMAK *v.* STATE OF INDIANA.

[No. 969 S 201. Filed May 13, 1970. No petition for rehearing filed.]

*Donald D. Bussell, Dennis, Dennis, Reinke & Vertesch,* of Richmond, for appellant.

*Theodore L. Sendak,* Attorney General and *Walter E. Bravard, Jr.,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a conviction of second degree burglary. Appellant presents four issues for our consideration.

It is first argued that the conviction is not supported by sufficient evidence. The record shows that on November 28, 1968 a window of Bowen's Oldsmobile, Inc., located in Richmand, Indiana, was discovered broken. Two window panes had been broken, one by each of the two latches which secured the window. Inside the building a vending machine was found forced open. The money had been removed from the coin box. Upon investigation a fingerprint was discovered on the coin box. It was later identified as being the left thumb print of the appellant. Appellant lived next door to Bowen's and was a former employee. However, during the course of his employment he did not have occasion to enter the vending machine.

The appellant's argument is directed to the evidence as it relates to the identity of appellant as the person who broke the window and entered the structure with intent to commit a felony. Appellant's explanation of how his fingerprint came to be on the coin box was that he

found the coin box in his back yard and, knowing it was from Bowen's, entered the building through an open door and replaced the coin box inside the vending machine. Appellant does not dispute that the fingerprint was properly identified as belonging to him. He argues that his explanation as to how his fingerprint came to be on the coin box was completely plausible and should have been believed. Appellant's attempted explanation raised a question for the determination of the jury. The jury chose not to believe appellant's version of the events. This it had the prerogative to do. The coin box inside the machine was not accessible to appellant prior to the break in. Under the circumstances it is universally recoginzed a finger, palm or bare footprint found in the place where a crime was committed may be sufficient proof of identity. See cases collected at 28 ALR 2d 1151.

It is next argued that the trial court abused its discretion in overruling an objection based upon the fact that the appellant had previously answered the question as to whom he informed about finding the coin box in his yard. The questions are said to be prejudicial in that they went to the credibility of his testimony. Certainly, when a defendant becomes a witness in his own defense he subjects himself to cross-examination the same as any other witness concerning any facts that affect his credibility. *Toops* v. *State* (1883), 92 Ind. 13; *Barnett* v. *State* (1959), 240 Ind. 129, 161 N. E. 2d 444. The trial court is given a wide latitude in ruling on matters having to do with the extent of cross-examination of a defendant. Its ruling is reviewable only for an abuse of discretion. *Swift* v. *State* (1961), 242 Ind. 87, 176 N. E. 2d 117. Likewise, whether a witness may be re-examined with respect to a fact already testified to by him is within the sound discretion of the trial court. *Pigg* v. *State* (1896), 145 Ind. 560, 43 N. E. 309. No abuse of discretion has been shown. We find no reversible error in this regard.

It is next asserted that the appellant was denied a fair trial because of the failure to have Negroes on the jury. Appellant

has cited no facts to substantiate this claim. There are no facts to substantiate it. The right to an impartial trial precludes systematic and intentional exclusion of any particular class of persons. It does not necessarily mean that every jury, even though there is no intentional exclusion, must contain representatives of all the economic, social, religious, racial, political and geographical groups of the community. In *Fay* v. *New York* (1946), 332 U. S. 261, 67 S. Ct. 1613, 91 L. Ed. 2043, reh den. 332 U. S. 784, 68 S. Ct. 27, 92 L. Ed. 367 the United States Supreme Court stated:

> "It is fundamental in questioning the composition of a jury that a mere showing that a class was not represented in a particular jury is not enough; there must be a clear showing that its absence was caused by discrimination, and in nearly all cases it has been shown to have persisted over many years."

Appellant has failed to sustain this burden. Accordingly, we find no error.

Appellant states that: "The defendant feels as though his lawyer was incompetent and (he) was not properly represented during trial." The difficulty with appellant's position is that his "feeling" is not supported by any factual evidence of incompetency of counsel. He states that his brother and sister-in-law were at his home during the night of the burglary and should have been called as witnesses, yet he admits that he did not see them that night. He claims a doctor should have been called to support his claim of disability, but there is no affidavit or evidence to support his claim as to how the doctor would have testified. He also claims his counsel failed to object to certain lines of questioning during cross-examination as to his conduct subsequent to arrest. In *Langley* v. *State* (1968), 250 Ind. 29, 232 N. E. 2d 611 we noted:

> "The second guessing of the trial counsel by appellant's present counsel amounts to 'Monday morning quarterbacking'. The transcript including the bill of exceptions indicates to this Court that appellant's trial counsel did his work

creditably under difficult circumstances. Appellant now contends that his trial counsel failed to object to certain questions and failed to cross-examine on certain questions. A difference in strategy between attorneys does not make one competent and the other incompetent. The attorney who occupies the counsel table before the jury is in the best position to make a determination concerning the proper examination and the proper time for objections. An attorney's errors, if honest errors in judgment, are not proof of incompetency. *Haley* v. *State* (1956), 235 Ind. 333, 133 N. E. 2d 565; *Hendrickson* v. *State* (1954), 233 Ind. 341, 118 N. E. 2d 493.

"In *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N. E. 2d 184, this Court stated that:

'It must be presumed that appellant's attorney discharged his full duty and it should require strong and convincing proof to overcome this presumption.'

"Our review of appellant's trial leads us to conclude that appellant totally lacks strong and convincing proof to overcome the foregoing presumption; in fact, there is an absence of any proof."

Be this as it may, there is no evidence in the record before us relating to the contentions of the appellant as to incompetency of counsel. If such matters do in fact exist outside the record, there are other means and methods by which the same may be properly presented to this court for review. Until such a record is before us the issues are not reviewable.

Judgment affirmed.

Givan and DeBruler, JJ., concur. Hunter, C.J., and Jackson, J., concur in result.

NOTE.—Reported in 258 N. E. 2d 158.