WILLIAM G. HIGHTOWER *v.* STATE OF INDIANA.

[No. 770S156. Filed May 3, 1971. No petition for rehearing filed.]

*Frank E. Spencer,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

HUNTER, J.—Appellant was charged by affidavit in the Marion Criminal Court, Division I with the crime of first degree burglary. Upon a plea of not guilty, appellant was tried by jury and found guilty as charged; sentence was to the Indiana Reformatory for a period of not less than ten [10] nor more than twenty [20] years.

On this appeal, appellant argues only that the evidence was insufficient to support the verdict of the jury in that there was insufficient proof that appellant was, in fact, the person committing the burglary. The evidence most favorable to the state may be briefly summarized as follows. One Kenneth Kinnear and his family resided at 4105 East 71st Street in Indianapolis, Indiana. During the weekend of May 31, 1969, the family left their home for a brief trip to Lake Wawasee; before leaving, Mr. Kinnear locked his home, securing all doors and windows. Upon the family's return, it was evident that the house had been broken into. The back door was propped open and the house was in a general state

of disarray; there were muddy footprints on one of the beds and a window broken in one of the bedrooms. The police were called and an inventory disclosed that approximately seven thousand dollars worth of personal property was missing.

A large silver platter was discovered on the family-room floor, apparently dropped by the burglar. An examination for fingerprints disclosed latent fingerprints on the bottom of the tray which were later positively identified as being those of appellant. Appellant was subsequently arrested on an unrelated charge and a candlestick was recovered from the apartment in which he resided, identified by Mr. Kinnear as being one of the objects stolen from his home during his absence in May.

As we have noted, appellant challenges only the sufficiency of the evidence as it relates to his identity as the perpetrator of the crime. From a review of the evidence presented at trial, it is clear that there was sufficient evidence as a matter of law from which the jury might reasonably infer that appellant was the person committing the offense. That there was a burglary is conceded by appellant. There was also evidence to the effect that appellant had never been authorized to enter the Kinnear home and that Kinnear had never seen him prior to the burglary. Nevertheless appellant does not challenge the proof relating to the fingerprints found on the silver platter nor does he seek to dispute the expert testimony identifying the prints as his. The discovery of appellant's fingerprints on the platter in the Kinnear home, coupled with the fact that a candlestick stolen from the home at the time of the burglary was found in the apartment where appellant resided gave the jury sufficient evidence of a circumstantial nature from which they could legitimately infer appellant's guilt. Where there is substantial evidence, albeit circumstantial in character, of probative value from which an inference of guilt may be drawn, the judgment of the lower court must be affirmed. *Vaughn* v. *State* (1971), 255 Ind.

678, 266 N. E. 2d 219; *Medsker* v. *State* (1968), 249 Ind. 369, 232 N. E. 2d 869; *Stallings* v. *State* (1967), 249 Ind. 110, 231 N. E. 2d 29.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 10.