MILTON CHANDLER *v.* STATE OF INDIANA.

[No. 677S396. Filed February 14, 1978.]

*Earl N. Davis,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Terry G. Duga,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of assault and battery with intent to commit a felony, pursuant to IC 35-1-54-3 [Burns 1975] and inflicting an injury during a robbery as defined by IC 35-13-4-6 [Burns 1975]. He was sentenced to a term of one to ten years on the first count and to life imprisonment on the second count.

Appellant's sole allegation of error is that his conviction is not supported by sufficient evidence. The record shows that on December 17, 1975, at approximately 1:00 p.m., a man entered the Harvey Shoe Store located at 2802 North Central Avenue, in Indianapolis, Indiana. He wore sunglasses and a knit ski hat. As Mr. Greenberg attempted to wait on the man, he grabbed Mr. Greenberg from behind and stated, "This is a stickup." A struggle ensued and Mr. Greenberg was shot in the abdomen. The police arrived several minutes later and found a man's hat and sunglasses on the floor near Mr. Greenberg. Two fingerprints were found on the sun-

glasses, which were discovered to be those of the appellant. Eyewitnesses were not clear in their identification of the appellant. Appellant called as his witness a friend who testified that she had taken her child to appellant's home around 10:00 a.m. and that appellant kept the child until 3:00 p.m. on the day of the alleged crime. However on cross examination she testified that she did not know of the whereabouts of the appellant between the hours of 10:00 a.m. and 3:00 p.m.

This Court does not weigh the evidence nor determine the credibility of witnesses. We look to the evidence most favorable to the State and any logical inferences to be drawn therefrom. We will sustain a conviction if there is substantial evidence of probative value to support the verdict beyond a reasonable doubt. *Pulliam* v. *State*, (1976) 264 Ind. 381, 345 N.E.2d 229; *Henderson* v. *State*, (1976) 264 Ind. 334, 343 N.E.2d 776. A fingerprint, palm print or barefoot print found in the place where a crime was committed may be sufficient proof of identity. *Shuemak* v. *State*, (1970) 254 Ind. 117, 258 N.E.2d 158.

In the case at bar there was sufficient evidence of probative value upon which to base the decision of the trial court. The trial court is therefore affirmed.

Hunter and Pivarnik, JJ., concur; DeBruler, J., dissents with opinion in which Prentice, J., concurs.

DISSENTING OPINION

DeBruler, J.—In *Shuemak* v. *State*, (1970) 254 Ind. 117, 258 N.E.2d 158, the fingerprint of the accused was found on a coin box which was taken from a vending machine which had been forced open. The coin box on the inside was not accessible to those using the machine. The Court stated that a

fingerprint of the accused at the place where the crime was committed may be sufficient evidence of identity. Under the circumstances in that case, the fingerprint on the coin box could only have been impressed there by the person who forced open the machine and took the coins from the box, and therefore the print standing alone warranted the conclusion on identity.

Unlike *Shuemak,* the circumstances of this case show that the fingerprint need not necessarily have been impressed upon the sunglasses at the time the crime was committed. And unlike *Shuemak* we deal here not with one latent print but with two. The police technician lifted two latent perspiratory fingerprints from the lenses of the sunglasses. There was no evidence which disclosed which side of the lenses they were impressed upon or other information of the nature of such prints from which it might be concluded that they were freshly made. One was identified as having been impressed by appellant's index finger. The other was smudged and could not be identified as having been made by appellant. Moreover, unlike the coin box locked in the vending machine in *Shuemak,* the sunglasses here were accessible to many people, including the employees and customers of the store in which they were first offered for sale, and the friends and relatives of the person who may have purchased them. Upon consideration of the events of this crime and the objects involved, the single print of appellant is, standing alone, of insufficient probative value to warrant the conclusion of guilt beyond a reasonable doubt. Appellant's fingerprint on the sunglasses would have no more probative value to prove identity than the thumbprint found on the rearview mirror of a stolen car deemed insufficient in *McLain* v. *State,* (1945) 198 Miss. 831, 24 So.2d 15, or the fingerprint of the accused on a flashlight found in a burglarized building deemed insufficient in *Weathered* v. *State,* (1932) 119 Tex. Crim. 90, 46 S.W.2d 701, both cases reviewed in an annotation at 28 A.L.R. 2d 1115 (1951). Finding those cases persuasive in the cir-

cumstances shown here, I would reverse and remand for a new trial.

Prentice, J., concurs.

NOTE.—Reported at 372 N.E.2d 465.