**Rodney EVANS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S04–8608–CR–718.

Supreme Court of Indiana.

Aug. 6, 1986.

Kenneth T. Roberts, Kenneth T. Roberts & Associates, P.C., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Fourth District Court of Appeals. Petition is brought by Appellee State of Indiana. Appellant was found guilty in a trial to the court in Marion Superior Court, Criminal Division III, of the crimes of burglary and theft. He appealed to the Court of Appeals contending the evidence was insufficient to prove his guilt beyond a reasonable doubt. The Court of Appeals agreed with Appellant's contentions and reversed both convictions. We find the Court of Appeals erred in its determination that there was insufficient evidence to prove Appellant's guilt beyond a reasonable doubt in both the burglary and theft convictions, and accordingly, vacate the opinion of the Court of Appeals and affirm the trial court.

The only issue before the Court of Appeals and this Court is sufficiency of the evidence. All parties agree that in reviewing such an issue we do not weigh the evidence or judge the credibility of witnesses, but look only to the evidence most favorable to the State. We will affirm if there is substantial evidence of probative value to support the conclusion that the defendant is guilty beyond a reasonable doubt. *Jones v. State* (1983), Ind., 456 N.E.2d 1025, 1028.

The record reveals that the victim, Horace Bridges, left his home around 10:00 a.m., to run some errands. He returned home in an hour and discovered that a burglary had been committed inside his home. He was unable to enter the front door, as someone had latched the security chain in his absence. He testified that the nature of the security chain was such that it could be latched only by someone inside the house. The security chain was not latched when he left his home. Upon further investigation, he discovered a pane had been removed from a back porch window, and a basement window had been broken. Bridges' son entered the home by going through the broken basement window, and they then discovered that his circular saw, two pairs of hedge trimmers, and a telephone were missing. The stolen property was never recovered or linked in

any way to Appellant. Fingerprints were lifted from the broken glass of the basement window and also the pane of glass removed from the enclosed porch. Three of the prints were identified as being those of Appellant. The police were not able to determine whether the fingerprints were on the inside or outside of the glass panes. It is unclear from the testimony of the officer examining the prints whether Appellant's prints were identified as being on both the broken basement window and the pane from the porch window, but Appellant's prints were clearly identified as being on the broken glass of the basement window. At one point, Officer Schachte indicated that Appellant's prints were identified on both the broken glass of the basement window and the pane from the porch window, but at another point it appears he was unsure that Appellant's prints could be identified on the pane taken from the porch.

Appellant claimed the evidence was insufficient to prove he committed either burglary or theft since the presence of his fingerprints on the broken glass failed to prove the requisite elements of breaking and entering with intent to commit a felony, and the element of exerting unauthorized control over property belonging to another.

The Court of Appeals found there was insufficient evidence as to both charges since there was no evidence that Appellant was inside the house and, further, no evidence to show that he therefore gained control over the stolen property. The Court of Appeals then found that a conviction based on this evidence would be nothing more than speculation or conjecture. Judge Ratliff dissented to the majority position, claiming that, in reaching its conclusions, the majority had reweighed the evidence and substituted its judgment for that of the trier of fact.

We agree with the position stated in Judge Ratliff's dissent. The evidence here presented sufficient circumstantial evidence to establish that the fingerprints were not made in any legitimate manner.

Such evidence also supports the reasonable inference that Appellant was the person who entered the home; disarranged the beds; and took the saw, hedge trimmers, and telephone. A criminal conviction can be based solely on circumstantial evidence. *Willard v. State* (1980), 272 Ind. 589, 602–603, 400 N.E.2d 151, 160. On appellate review we need not find the circumstantial evidence adequate to overcome every reasonable hypothesis of innocence, but only that an inference may be drawn from such evidence which supports the findings of the jury. *Hall v. State* (1980), 273 Ind. 507, 514, 405 N.E.2d 530, 535, *reh. denied* (1980).

In *Curry v. State* (1982), Ind.App., 440 N.E.2d 687, officers discovered that the front door of a warehouse had been kicked in and the glass pane of the door broken out. The defendant's fingerprints were found on each side of the broken glass. The Court of Appeals found that such evidence was sufficient to sustain the conviction since it showed a thumbprint on one side of the glass and a forefinger print on the opposite side, coupled with testimony from the State's fingerprint expert that the glass was touched after it was broken. In *Curry*, Chief Judge Buchanan, writing for the Court, stated:

"Our conclusion that a burglary conviction is supported by evidence of fingerprints found at the scene of the crime, intertwined with evidence supporting a reasonable inference that the prints were not made in a legitimate manner, is in line with cases of this State and the general rule in other jurisdictions. (citation omitted)." *Id.* at 689–690.

This Court held in *Shuemak v. State* (1970), 254 Ind. 117, 119, 258 N.E.2d 158, 159, that a finger, palm, or bare footprint found in the place where a crime was committed, may be sufficient proof of identity. In *Shuemak*, the defendant's fingerprints were found on a coin box which was located inside a vending machine that had been forced open. This Court found that the coin box inside the machine was not accessible to the defendant prior to the break-in.

*See also Paschall v. State* (1972), 152 Ind. App. 408, 412, 283 N.E.2d 801, 804 (the defendant's fingerprint was found on a doorknob inside the home in which the crimes had been committed).

In *Scott v. State* (1982), Ind., 434 N.E.2d 86, 90, this Court held that evidence consisting of the defendant's latent palm and fingerprints taken from inside the victim's residence, which the defendant was not authorized to enter, was sufficient to support conviction of rape and burglary. The evidence showed in *Scott* that three latent palm and fingerprints were lifted from a screen removed from a bathroom window and from a bathroom wall inside the victim's residence. The testimony revealed entrance was made through that bathroom window and the victim stated she had never authorized the defendant to enter the premises.

Appellant would have us distinguish the above cited cases since there is a showing that the prints were found either inside the residence or in such a manner that they connoted or inferred an entry. It is his contention that since the police cannot definitely state that the prints were on the inside of the glass, there is no proof or showing that the one who placed the prints actually entered the residence.

The facts clearly show that between the hour of 10:00 a.m., and 11:00 a.m., on the date in question, the victim's residence was entered through the basement window and property being removed therefrom. The point of entry was the basement window where Appellant's prints were found. Entry at that point resulted in the security lock being latched on the front door and property removed from the interior of the residence. The circumstantial evidence was such that the fingerprints were not made in any legitimate manner that would otherwise explain their presence. Further inferences are justified that the one who left those prints also entered and removed the property in question. The trier of fact therefore was justified in finding these facts and inferences as it did. *Hall,* 273 Ind. at 514, 405 N.E.2d at 535; *Willard,*

272 Ind. at 602–603, 400 N.E.2d at 160. There was sufficient evidence for them to do so. *Scott,* Ind., 434 N.E.2d at 90; *Hightower v. State* (1971), 256 Ind. 344, 346, 269 N.E.2d 10, 11; *Shuemak,* 254 Ind. at 119, 258 N.E.2d at 159; *Curry,* Ind.App., 440 N.E.2d at 689–690; *Powell v. State* (1974), 160 Ind.App. 557, 559, 312 N.E.2d 521, 522, *tr. denied* (1974); *Paschall,* 152 Ind.App. at 412, 283 N.E.2d at 804.

The opinion of the Court of Appeals is vacated, and the trial court is affirmed.

GIVAN, C.J., and SHEPARD, J., concur.

DeBRULER, J., concurs in result without opinion.

DICKSON, J., dissents without opinion.