Walter Lee **JOHNSON**, Jr., Appellant,

v.

**STATE of Indiana, Appellee.**

No. 71S00–8611–CR–1011.

Supreme Court of Indiana.

Sept. 25, 1987.

Edward C. Hilgendorf, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Burglary, a Class B felony, for which he received a twelve (12) year sentence.

The facts are: On September 12, 1985, Jeff Nemeth lived with his wife at 735 Walnut Street, in South Bend. When they left home at 7:45 a.m., doors and windows were closed and locked. Later that morning Gerald Gadacz and Dennis Konstanty were in their place of business across the street from the Nemeth residence. They observed two black men come from the Nemeth house, each carrying a stereo speaker; however, they were unable to identify the robbers.

Police were called and it was discovered that a screen had been removed from an alley window, the window had been pried open and a dead bolt had been chiseled off of the door next to the window. Numerous items were taken from the house, but the only item recovered was a bicycle. Nothing taken was ever directly connected with appellant.

Appellant's only assignment of error is that the evidence is insufficient to support the conviction of burglary. He acknowledges that fingerprints alone are sometimes sufficient to sustain a conviction, citing *Shuemak v. State* (1970), 254 Ind. 117, 258 N.E.2d 158.

Appellant also cites the case of *Evans v. State* (1986), Ind.App., 493 N.E.2d 806, for the proposition that fingerprints on broken glass found outside a burglarized garage is insufficient standing alone to support a conviction. It is his contention that the facts in the *Evans* case closely parallel the facts in his case. This is true. The *Evans* case comes as near to paralleling the facts in the case at bar as any case cited. However, the Court of Appeals' opinion in the *Evans* case was reversed by this Court. *Evans v. State* (1986), Ind., 495 N.E.2d 739, (Dickson, J., dissenting). In reversing the Court of Appeals, this Court pointed out that the Court of Appeals had in fact weighed the evidence.

In the case at bar, appellant's fingerprints were found on a window covered with a screen prior to the burglary. His fingerprints were also found on the door which was damaged in the burglary. This was sufficient to support the verdict of the jury. *Id.*

The trial court is affirmed.

SHEPARD, C.J. and DeBRULER, PIVARNIK and DICKSON, JJ., concur.