**Gregory L. OWENS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 34S00–8611–CR–1010.

Supreme Court of Indiana.

Nov. 16, 1987.

James R. Fleming, Howard County Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On May 23, 1985 Appellant, Gregory Owens, was charged with Neglect of a Dependent, a class B felony, and Child Molesting, a class A felony. At the close of the case, the court dismissed the neglect charge, and found Owens guilty of Child Molesting Resulting in Serious Bodily Injury. Owens was sentenced on March 18, 1986 to thirty (30) years in the Indiana Department of Corrections. His Motion to Correct Errors was overruled and he appealed directly to this court.

Owens presents two issues on appeal:

1) insufficiency of the evidence; and

2) ineffective assistance of counsel.

Owens lived with T.B. and her two daughters, J.B. and D.B., the victim. D.B. was twenty-two (22) months old at the time of the incident. On May 14, 1985, Owens took care of the children while T.B. worked. Owens phoned T.B. later that day explaining that D.B. had been injured, and he was taking her to the Tipton Memorial Hospital Emergency Room. Upon arrival Owens told the nurse on duty D.B. had fallen in the bathtub and injured herself. Examination revealed several marks and bruises on D.B. as well as a severe perineal laceration which was bleeding. The perineal laceration was between the vagina and the anus. General concensus among the

doctors and nurses who examined the child was that the injury was serious and uncommon. D.B. subsequently was sent to Indianapolis where she underwent surgery to repair the injury.

Owens explained that D.B. had been taking a bath, stood up to get out of the tub and fell, impaling herself on a wooden mallet with which she had been playing. Owens said he picked the child up out of the tub and pulled the mallet out of her vagina. When he brought D.B. to the hospital however, several doctors and nurses noted the child was dirty, as though she had been playing outdoors. Also, Owens was not wet, nor did he have any blood on him.

On separate occasions, two nurses, a doctor, and an Indiana University Physics Professor conducted experiments on the mallet. It floated only horizontally. A number of doctors, nurses and social workers testified in court; most indicated they suspected child sexual abuse, while one or two had no opinion. Owens' counsel attempted to rebut this evidence by establishing, however unlikely, it was still possible the injury could have been caused by falling on the mallet. Counsel also presented character witnesses on Owens' behalf at the sentencing hearing.

## I

■ Owens contends the evidence was insufficient to convict him beyond a reasonable doubt of Child Molestation. In particular, he claims that because the conviction was based solely on circumstantial evidence, his conviction cannot be sustained. However, a criminal conviction can be based solely on circumstantial evidence. *Evans v. State* (1986), Ind., 495 N.E.2d 739, 740. On appellate review this court need not find the circumstantial evidence adequate to overcome every reasonable hypothesis of innocence, but only that an inference may be drawn from such evidence which supports the fact-finder's conclusion. *Id.* Circumstantial evidence is of equal probative value with direct evidence. *U.S. v. Towers* (7th Cir.1985), 775 F.2d 184, 188.

■ Where sufficiency of the evidence is challenged on appeal, this Court does not reweigh the evidence or judge the credibility of the witnesses. Rather, we look to the evidence most favorable to the State, and all reasonable inferences drawn therefrom. If a substantial body of evidence is found from which the trier of fact could infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Tyra v. State* (1987), Ind., 506 N.E.2d 1100, 1102. The facts which support the verdict are clear. Owens claimed he had been giving D.B. a bath, but when he brought her to the hospital, she was covered with dust and dirt as though she had been playing outside. For D.B. to have impaled herself on the mallet, the mallet would almost surely have had to be standing vertically in the tub. Tests showed the mallet floated horizontally only. Also, Owens himself was soiled; he showed no signs of wetness from having just given a child a bath. Dr. West, the operating surgeon, also testified the mallet was of a size which would fit into the vagina of a two-year-old. Other trial testimony indicated D.B. was unusually passive during her physical examination. Passiveness is an indication of possible child abuse. Further testimony indicated that normally when a child falls, he or she falls on the knees or buttocks, protecting the genital area. D.B. would have had to fall with her legs spread apart to cause such extensive damage. The severity of the wounds is another indicator that Owens' version of events is highly doubtful. Dr. West testified the length of one vaginal tear was approximately four inches long, and another was approximately one inch long. Had infection set in, D.B.'s life could possibly have been endangered. These facts supported the trial court's conclusion that no child's fall in a bathtub could have caused such an injury.

These circumstances, when combined with the fact that Owens had sole control over D.B. during the time the injuries were believed to have occurred, and thus had exclusive opportunity to perform the acts, leads to a reasonable determination of guilt. *Woodrum v. State* (1986), Ind.App., 498 N.E.2d 1318, 1324. Thus, while the evidence presented to the court was cir-

cumstantial, the trial court could and did draw reasonable inferences sufficient to sustain Owens' conviction.

## II

■ Owens next contends he was denied effective assistance of counsel in that trial counsel did not call D.B.'s sister, J.B., to testify at trial. J.B. was outside the trailer home when the incident occurred, and Owens felt she would substantiate his version of the facts. However, at the hearing on the Motion to Correct Errors, trial counsel stated he interviewed J.B. on three (3) separate occasions, and that her version of events changed on each occasion. He was unsure what her testimony would have been, and therefore decided against calling her as a witness. Counsel recalls telling Owens of his decision, and noted Owens agreed with him.

Indiana adopted the *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh. denied* (1984), 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864, test for determining whether a client has been denied his due process right to effective assistance of counsel. *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291. Owens must show the alleged acts or omissions of counsel fell outside the range of competent professional assistance, and that such errors had an adverse effect upon the judgment. He must overcome the strong presumption counsel rendered adequate legal assistance. To show prejudice or adverse effect, Owens must affirmatively show there is a reasonable probability that but for unprofessional errors the result of the trial would have been different. *Powers v. State* (1986), Ind., 499 N.E.2d 192, 195. Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffective assistance of counsel. U.S.C.A. Const.Amend. 6; *VanEvey v. State* (1986), Ind., 499 N.E.2d 245, 247; *see also Nadir v. State* (1987), Ind., 505 N.E.2d 440, 441.

Owens has made no showing to support his claim. Clearly what he challenges are his attorney's trial tactics. There is no evidence to indicate the failure to call this unreliable witness falls outside the range of competent assistance, or that the outcome would have been different had counsel called J.B. to testify. Owens has not met his burden of proof.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.