Jason POOLE, Appellant (Defendant),

v.

STATE of Indiana, Appellee (Plaintiff).

No. 49A02–9002–CR–97.

Court of Appeals of Indiana,
Second District.

Sept. 25, 1990.

William J. Rawls, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., David M. Sommers, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Appellant-defendant Jason Poole (Poole) appeals his conviction for impersonating a police officer,[1] claiming the evidence was insufficient to support the verdict.

We affirm.

## FACTS

The facts which most support the trial court's judgment indicate that on May 1, 1989, Poole appeared at Wishard Hospital in Indianapolis seeking treatment for injuries. During processing he requested a work release form, which form informs an employer that a patient has been treated at the hospital and how many, if any, days of work the patient might have to miss. When asked where he was employed, Poole told an emergency room nurse that he was an officer with the Indianapolis Police Department (IPD). Poole supplied the nurse with the identification numbers for his badge, unit, supervisor, vehicle, and district. Suspecting the information was false, the nurse notified a doctor who contacted the Marion County Sheriff's Department which confirmed Poole was not an IPD police officer and radioed for two of its officers to investigate the matter.

Upon arriving at Wishard, the two officers began questioning Poole. Poole at first told the officers that he was employed with the Secret Service, but later told them

he was an officer with IPD and had been injured in a police-related incident. The officers then interviewed members of the hospital staff who confirmed Poole had represented he was an IPD police officer and was seeking treatment for police-related injuries.

Poole was subsequently placed under arrest for and charged with impersonating a police officer. Following a bench trial, Poole was convicted and given a one year sentence.

## ISSUE

Poole raises one issue for our consideration:

> Whether the evidence was sufficient to support his conviction for impersonating a police officer?

## DECISION

PARTIES' CONTENTIONS—Poole argues that the evidence was insufficient to support his conviction, in particular the conclusion that his impersonation of a police officer was intended to mislead or induce another person to act to his detriment. The State responds that Poole is asking us to reweigh the evidence on appeal.

CONCLUSION—The evidence was sufficient to support Poole's conviction for impersonating a police officer.

Our resolution of this case depends on our interpretation of IC 35–44–2–3, which provides in pertinent part:

> "A person who falsely represents that the person is a public servant, *with intent* to mislead and induce another person to submit to false official authority or otherwise to act to his detriment in reliance on the false representation, commits impersonation of a public servant, a Class A misdemeanor...."

(Emphasis supplied).

This statute contains only two elements: (1) a false representation that the declarant is a public servant; and (2) that the false representation is made "*with intent* to mislead and induce another person to submit to false authority or otherwise to act to his detriment." (Emphasis supplied).

---

1. Ind.Code 35–44–2–3 (1988).

It can hardly be questioned that Poole made the false representation. Whether the hospital staff believed him and submitted to his misrepresented authority or otherwise acted to their detriment, is not the relevant inquiry. The crucial question is whether Poole *intended* for the hospital staff to submit to his claimed authority or otherwise act to their detriment.

There is sufficient evidence to support such an inference. One of the police officers who was called to Wishard to investigate the matter, testified that witnesses had confirmed that Poole had gone to Wishard requesting treatment for injuries he claimed to have incurred while acting as a police officer. *Record* at 17. A nurse testified that as she was preparing the paperwork to discharge Poole, he requested a work release form and told her that he was a police officer with IPD and supplied her with the identification numbers for his badge, unit, supervisor, vehicle, and district. *Record* at 21–22.

While it is apparent that the Wishard staff did not believe Poole's representations, *see record* at 24, there is more than sufficient evidence to infer he intended that they submit to his false authority. In a specific intent crime, intent may properly be inferred from circumstances surrounding the incident. *See Norman v. State* (1989), Ind., 539 N.E.2d 937; *Mediate v. State* (1986), Ind., 498 N.E.2d 391; *Bonner v. State* (1979), 271 Ind. 388, 392 N.E.2d 1169.

Thus we conclude that the evidence certainly supports a reasonable inference that Poole intended for the hospital staff to rely on his misrepresentations in the hope of obtaining special medical treatment and a work release form. The question of Poole's subjective belief is one of fact, and we will not reweigh the evidence on appeal.

Judgment affirmed.

SHIELDS, P.J., and CONOVER, J., concur.