## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 10 2017, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Michael C. Keating
Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brian J. Oberst,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 10, 2017<br><br>Court of Appeals Case No.<br>87A04-1704-CR-800<br><br>Appeal from the Warrick Circuit Court<br><br>The Honorable Greg A. Granger, Judge<br><br>Trial Court Cause No.<br>87C01-1502-F6-69 |

**Mathias, Judge.**

Brian Oberst ("Oberst") appeals his conviction for Class A misdemeanor impersonating a public servant, claiming the evidence was insufficient to support the verdict.

We affirm.

## Facts and Procedural History

On January 27, 2015, Indiana State Police ("ISP") Trooper Ryan Wilson ("Trooper Wilson") was parked on the side of the road when he noticed Oberst's vehicle speeding towards him. Trooper Wilson activated his radar unit, determined Oberst was traveling 19 m.p.h. over the speed limit, and then initiated a traffic stop. As Trooper Wilson exited his vehicle, he noticed Oberst holding a badge out of the driver side window. It was a Vanderburgh County Deputy Prosecutor's badge.

Once Trooper Wilson reached the vehicle, Oberst told him that, "he was with the . . . Vanderburgh County Prosecutor's Office." Tr. p. 9. After Oberst told Trooper Wilson he was a Deputy Prosecutor, Trooper Wilson released him without issuing a citation. Once he was free to go, Oberst called his friend Toby Shaw and told him that he had just been pulled over by a state trooper and that he "got out of the ticket." Tr. p. 24.

A couple weeks later, ISP Trooper Paul Stoltz notified Trooper Wilson of a similar incident involving Oberst,[1] and also, that Oberst had not been employed by the Vanderburgh County Prosecutor's Office for some time. Based on this information, Trooper Wilson investigated Oberst's employment status with Vanderburgh County and discovered that Oberst had not worked as a Deputy Prosecutor there for over six years.

On February 24, 2015, the State charged Oberst with Level 6 felony impersonation of a law enforcement officer. A bench trial was held on February 27, 2017, after which the trial court took the matter under advisement. On March 10, 2017, the trial court issued an order finding Oberst guilty.

Oberst then filed a motion to reconsider the verdict. On April 3, 2017, the trial court held a hearing on Oberst's motion and denied it on the merits, but reduced the conviction to Class A misdemeanor impersonation of a public servant. Oberst was sentenced to one year of non-reporting probation. He now appeals his conviction.

---

[1] Thirteen days before the instant offense, on January 14, 2015, Oberst was stopped by Gibson County Sherriff's Department Officer John Fischer ("Officer Fischer") for traveling 11 m.p.h. over the speed limit. When Officer Fischer exited his car, he could see Oberst holding a badge out of the window. Officer Fischer asked Oberst if it was a law enforcement badge. Oberst told him it was and that it was from Vanderburgh County. Officer Fischer let Oberst go without issuing a citation. Afterward, Officer Fischer determined that Oberst was no longer employed as a Deputy Prosecutor in Vanderburgh County. Oberst was charged with Level 6 felony impersonation of a law enforcement officer. He pleaded guilty to the lesser included offense of Class A misdemeanor impersonation of a public servant.

# Discussion and Decision

[8] Oberst contends that the evidence is insufficient to support his conviction for Class A misdemeanor impersonation of a public servant. When reviewing a claim of insufficient evidence to sustain a conviction, we consider only the probative evidence and reasonable inferences supporting the judgment. *Jackson v. State*, 50 N.E.3d 767, 770 (Ind. 2016). It is the fact-finder's role, not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id*. We will affirm the conviction unless no reasonable fact-finder could have found the elements of the crime proven beyond a reasonable doubt. *Id*. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the judgment. *Drane v. State*, 867 N.E.2d 144, 146–47 (Ind. 2007).

[9] At the time of the offense in this case, Indiana Code section 35-44.1-2-6 provided:

> A person who falsely represents that the person is a public servant, with intent to mislead and induce another person to submit to false official authority or otherwise to act to the other person's detriment in reliance on the false representation, commits impersonation of a public servant, a Class A misdemeanor.

Ind. Code § 35-44.1-2-6 (2015).[2]

[10] Oberst's primary argument is that the evidence was insufficient to show that he either: (1) acted with intent to mislead and induce Trooper Wilson to submit to false official authority, or (2) acted with intent to mislead and induce Trooper Wilson to act to Trooper Wilson's detriment in reliance on the false representation. Appellant's Br. at 11; Reply Br. at 6.

[11] Both Oberst and the State cite to *Poole v. State*, 559 N.E.2d 1214 (Ind. Ct. App. 1990).[3] In that case, Poole walked into an Indianapolis hospital seeking treatment for injuries suffered due to his alleged employment with the Indianapolis Police Department ("IPD"), and he requested a work release form. *Id.* at 1215. Poole told a hospital employee that he was an officer with the IPD and supplied her with several forms of identification. *Id.* The nurse did not believe Poole, so she notified a doctor who called the Marion County Sheriff's

---

[2] Effective July 1, 2016, the statute now states:

> (a) A person who, with intent to:
>
>> (1) deceive; or
>>
>> (2) induce compliance with the person's instructions, orders, or requests;
>
> falsely represents that the person is a public servant, commits impersonation of a public servant, a Class A misdemeanor, except as provided in subsection (b).
>
> (b) The offense described in subsection (a) is a Level 6 felony if the person falsely represents that the person is:
>
>> (1) a law enforcement officer;

Ind. Code § 35-44.1-2-6.

[3] *Poole* is the only reported case in Indiana concerning the issue before us.

Department, which confirmed that Poole was in fact not an IPD officer. *Id.* Poole was subsequently convicted of impersonating a police officer. *Id.*

[12] Poole's main contention on appeal was that there was insufficient evidence to show that he "intended to mislead or induce another person to act to his detriment." *Id.* In *Poole*, we explained that "intent may properly be inferred from circumstances surrounding the incident," and that "the evidence certainly supports a reasonable inference that Poole intended for the hospital to rely on his misrepresentations in the hope of obtaining special medical treatment and a work release form." *Id.* at 1216. Oberst's attempts to distinguish *Poole* from the case before us are unpersuasive.

[13] Here, it is clear from the record that Oberst showed his badge to Trooper Wilson in hopes of getting out of a speeding ticket. In fact, he had done the same thing just thirteen days prior. After Trooper Wilson pulled away, Oberst called his friend to tell him that he "got out of the ticket" because "[Oberst] showed [Trooper Wilson] my badge." Tr. p. 24. In his brief Oberst states, "At most, all [Oberst] could hope for is the extension of some type of 'professional courtesy' at the discretion of the Trooper." Appellant's Br. at 10–11. Despite Oberst's claims to the contrary, misrepresentation in effort to receive special treatment is analogous to *Poole*.

[14] Poole was hoping that by telling the hospital staff he was an IPD officer, he might receive special medical treatment. *Poole*, 559 N.E.2d at 1216. Here, by telling Trooper Wilson that he was a Deputy Prosecutor, Oberst hoped he

might receive special treatment by not being issued a citation. The trial court noted in its verdict order, "[Oberst] actively strategically displayed [the badge] with the hope that a law enforcement officer would notice it and act upon it to the benefit of [Oberst]." Appellant's App. p. 41. This is sufficient for a reasonable fact-finder to infer that Oberst intended for Trooper Wilson to submit to his false authority. *Poole*, 559 N.E.2d at 1216.

[15] Oberst argues he did not intend to induce Trooper Wilson to submit to his false authority because "a deputy prosecutor in fact has no authority over an Indiana State Trooper regarding the issuance of a traffic citation." Appellant's Br. at 9. While this statement is factually true, the lack of actual "authority" is not the issue. As an alleged IPD officer, Poole had no authority to receive special medical treatment or a work release form from hospital staff. Rather, he intended that the hospital staff would rely on his misrepresentation to receive special medical treatment and a work release form. Here, the evidence supports a reasonable inference that Oberst *intended* to receive special treatment when he showed Trooper Wilson a Deputy Prosecutor's badge. *See Poole*, 559 N.E.2d at 1216 ("The crucial question is whether Poole *intended* for the hospital staff to submit to his claimed authority.") (emphasis in original). Any finding to the contrary would be an invitation for us to reweigh evidence, and we will not do so on appeal.

# Conclusion

Considering the evidence favorable to the trial court's verdict, we conclude that the State presented sufficient evidence to support Oberst's conviction for Class A misdemeanor impersonation of a public servant.

Affirmed.

Vaidik, C.J., and Crone, J., concur.