## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 08 2019, 10:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anna Onaitis Holden
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sean Piatt,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 8, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2294<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Helen Marchal, Judge<br><br>Trial Court Cause No.<br>49G15-1802-F6-6557 |

**Bradford, Judge.**

# Case Summary

[1] In February of 2018, Sean Piatt forcibly opened the door of a restroom stall occupied by N.T. and ordered her to remove her clothes. After N.T. refused, Piatt told N.T. that he was a police officer and again ordered her to remove her clothes. Piatt left the restroom after N.T. demanded that he leave. Piatt was charged with Level 6 felony criminal confinement, Level 6 felony impersonation of a public servant, and Class B misdemeanor battery. In July of 2018, a jury found Piatt guilty as charged. Piatt contends that the State produced insufficient evidence to sustain his conviction for impersonation of a public servant. Because we disagree, we affirm.

# Facts and Procedural History

[2] On February 25, 2018, N.T.'s grandfather dropped her off at the Greyhound bus station in Indianapolis. After purchasing a ticket, N.T. went into the women's restroom and entered the last stall, closing the door behind her. As N.T. began to pull down her pants, she noticed a person looking at her through the gap created by the hinges on the door. The person, later identified as Piatt, forcefully pulled open the door. N.T. pulled up her pants and attempted to leave but was stopped when Piatt grabbed her arm. As he stood blocking the doorway, Piatt ordered N.T. to remove her clothes and demanded to know what was in her bags. When N.T. refused Piatt's orders, Piatt told her that he was a police officer and again ordered her to remove her clothes. The encounter ended when Piatt left the restroom after N.T. demanded he leave.

[3] On February 25, 2018, the State charged Piatt with Level 6 felony criminal confinement, Level 6 felony impersonation of a public servant, and Class B misdemeanor battery. On July 25, 2018, a jury trial was held after which Piatt was found guilty as charged. On August 23, 2018, Piatt received an aggregate sentence of 910 days of incarceration.

# Discussion and Decision

[4] Piatt contends that the State produced insufficient evidence to convict him of Level 6 felony impersonation of a public servant. When reviewing the sufficiency of evidence to support a conviction, we consider only probative evidence and reasonable inferences supporting the factfinder's decision. *Young v. State*, 973 N.E.2d 1225, 1226 (Ind. Ct. App. 2012), *trans. denied*. It is the role of the factfinder, not ours, to assess witness credibility and weigh the evidence. *Id.* We will affirm a conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* To convict Piatt of Level 6 felony impersonation of a public servant, the State was required to prove that Piatt intended to induce compliance with his instructions, orders, or requests by falsely representing that he was a law enforcement officer. Ind. Code § 35-44.1-2-6. "Intent is a mental state, and the trier of fact often must infer its existence from surrounding circumstances when determining whether the requisite intent exists." *Goodner v. State*, 685 N.E.2d 1058, 1062 (Ind. 1997).

[5] We conclude that there is sufficient evidence to sustain Piatt's conviction. The record indicates that Piatt demanded that N.T. remove her clothes and tell him

what was inside her bags. After N.T. refused, Piatt told N.T. that he was a police officer and again ordered her to remove her clothes. A reasonable factfinder could conclude that Piatt's intention in telling N.T. that he was a police officer was to induce her to comply with his orders. Whether N.T. believed Piatt is inconsequential. *See Poole v. State*, 559 N.E.2d 1214, 1216 (Ind. Ct. App. 1990) ("Whether the hospital staff believed him and submitted to his misrepresentation of authority or otherwise acted to their detriment, is not the relevant inquiry."). Piatt argues that his impersonation of a police officer was "too shoddy" and "slapdash" to establish intent. Appellant's Br. p. 9–10. His argument, however, is nothing more than an invitation to reweigh the evidence, which we will not do. *Young*, 973 N.E.2d at 1226. Piatt has failed to establish that the State produced insufficient evidence to sustain his conviction for Level 6 felony impersonation of a public servant.

[6] The judgment of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.