# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**NEIL L. WEISMAN**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AARON YOUNG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1111-CR-650 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D02-1104-FA-9

**September 11, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Aaron Young appeals his conviction of and sentence for three counts of Class A felony child molestation. He presents two issues for our review:

1.  Whether the State presented sufficient evidence to prove he committed Class A felony child molestation; and

2.  Whether the trial court erred when it found him to be a credit restricted felon.

We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

Young is the father of A.Y., born October 22, 1997. Young and A.Y.'s mother separated in 2005, and A.Y. visited Young "at least every other weekend[.]" (Tr. at 309). In 2010, when A.Y. was in seventh grade, she told two of her friends Young had been sexually molesting her. Her friends convinced her to tell a counselor, and the counselor reported the incidents to Child Protective Services.

The State charged Young with two counts of Class A felony child molestation. On October 7, 2011, a jury found Young guilty as charged. On November 9, the trial court sentenced Young to thirty years incarcerated for each count, to be served concurrently, and ordered him to register as a sex offender. On November 10, the trial court issued a supplemental sentencing order that classified Young as a credit restricted felon based on A.Y.'s age at the time of some of the crimes.

## DISCUSSION AND DECISION

1.  <u>Sufficiency of the Evidence</u>

When reviewing sufficiency of evidence to support a conviction, we consider only the

probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

To prove Young committed Class A felony child molesting, the State had to prove Young was at least twenty-one years old and performed or submitted to sexual intercourse with a child under fourteen years of age. Ind. Code § 35-42-4-3(a). "Sexual intercourse" is "any penetration of the female sex organ by the male sex organ." Ind. Code § 35-41-1-26. Young acknowledges he was over twenty-one and A.Y. was under fourteen at the time of the offense, but he argues A.Y.'s testimony was incredibly dubious and the State did not present evidence of penetration. We disagree.

a.     Incredible Dubiosity

Under the "incredible dubiosity rule" we may "impinge on the jury's responsibility to judge the credibility of the witness only when it has confronted 'inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity." *Rodgers v. State*, 422 N.E.2d 1211, 1213 (Ind. 1981). We will reverse a conviction if the

3

sole witness presents inherently improbable testimony and there is no circumstantial evidence of the defendant's guilt. *White v. State*, 706 N.E.2d 1078, 1079-80 (Ind. 1999).

Young argues inconsistencies between A.Y.'s testimony at trial and her testimony during a deposition make her testimony incredibly dubious. "The fact that a witness gives trial testimony that contradicts earlier pre-trial statements does not necessarily render the trial testimony incredibly dubious." *Murray v. State*, 761 N.E.2d 406, 409 (Ind. 2002). A.Y. testified in detail regarding multiple incidents during which Young digitally penetrated her or forced her to engage in sexual intercourse with him. Young has not indicated, nor do we observe, any of A.Y.'s testimony that is "inherently improbable." As a conviction of child molesting may rest on the uncorroborated testimony of the victim, *Barger v. State*, 587 N.E.2d 1304, 1308 (Ind. 1992), *reh'g denied*, we hold A.Y.'s testimony was not incredibly dubious.

### b. Sufficiency of Evidence

Indiana courts have consistently held, and Young concedes, "the slightest penetration is enough to support a conviction." *Dinger v. State*, 540 N.E.2d 39, 40 (Ind. 1989). During Young's trial, A.Y. testified:

> [Prosecutor]: Were there times when things would happen of a sexual nature with your dad?
> [A.Y.]: Yes.
> [Prosecutor]: Can you tell us what kinds of things would happen of a sexual nature with your dad?
> [A.Y.] My dad would rape me and finger me.
> [Prosecutor]: [A.Y.], when you use the word "rape," what does that word mean to you?
> [A.Y.] When he stuck his penis in my vagina.
> [Prosecutor]: And when you say "finger" you, what do you mean?

4

| [A.Y.]: | He would put his finger on my vagina. |
| [Prosecutor]: | Inside of it? |
| [A.Y.]: | Inside and out. |

(Tr. at 329-30.) In his brief, Young points to portions of A.Y.'s testimony where she seemed confused and gave inconsistent testimony, and suggests those inconsistencies prove he did not penetrate A.Y. Young's argument is an invitation to reweigh the evidence, which we may not do. *See Drane*, 867 N.E.2d at 146 (on appeal, we will not reweigh the evidence, and we consider only the facts most favorable to the trial court's conclusion). The State presented sufficient evidence Young committed Class A felony child molesting. *See Smith v. State*, 779 N.E.2d 111, 116 (Ind. Ct. App. 2002) ("a conviction for child molesting will be sustained when it is apparent from the circumstances and the victim's limited vocabulary that the victim described an act which involved penetration of the sex organ"), *trans. denied*.

2. <u>Credit Restricted Felon</u>

Pursuant to Ind. Code § 35-31.5-2-72,[1] an offender is a "credit restricted felon" if he has been convicted of "Child molesting involving sexual intercourse or deviate sexual conduct (IC 35-42-4-3(a)), if: (A) the offense is committed by a person at least twenty-one (21) years of age; and (B) the victim is less than twelve (12) years of age." A credit restricted felon earns "one (1) day of credit time for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing." Ind. Code § 35-50-6-3.[2]

---

[1] Ind. Code § 35-31.5-2-72 was formerly located at Ind. Code § 35-41-1-5.5. It was recodified effective July 1, 2012, with the language of the statute remaining the same.

[2] Ind. Code § 35-50-6-3 sets forth the credit time structure based on class. Pursuant to Ind. Code § 35-50-6-4(b), a credit restricted felon is eligible for credit time under Class IV.

In its supplemental sentencing statement, the trial court found:

The Court, having taken the State's request that it find the defendant to be a "Credit Restricted Felon" under advisement, and the Court having the occasion to review the transcript of testimony at trial in this matter, the Court now finds that the victim was under the age of twelve (12) years at the time the acts alleged in Count II occurred. Accordingly, the Court finds the defendant to be a "Credit Restricted Felon" as that term is defined by I.C. 35-41-1-5.5.

(App. at 7.) Count II alleged:

On or between the 1st day of January, 2009, to the 30th day of June, 2010, in St. Joseph County, State of Indiana, AARON YOUNG, a person twenty-one (21) years of age or older, to-wit: thirty to thirty-one (30-31) years of age with a date of birth of September 1, 1978, did perform sexual intercourse, to-wit: by placing his penis in the sex organ of [A.Y.], a child then under the age of fourteen (14) years, to-wit: eleven to twelve (11-12) years of age[.]

(*Id.* at 8.) Young argues the trial court erred when it determined he was a credit restricted felon because the acts alleged in Count II did not occur prior to A.Y.'s twelfth birthday. We agree.[3]

During trial, A.Y. testified Young had sexual intercourse with her on three occasions: "a few weeks before my cousin's birthday in April; and then the second time would have been a few weeks after Independence Day; and the third time would have been after his birthday, but before my cousin [J]'s birthday." (Tr. at 339.) A.Y. then clarified those dates

---

[3] The State argues "to the extent that the trial court referenced Count II instead of Count I in its Supplemental Sentencing order when it found A.Y. was under the age of twelve when the charged molestations occurred, it was likely a scrivener's error and otherwise harmless." (Br. of Appellee at 13.) A scrivener's error is an "error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination." Black's Law Dictionary 563 (7th Ed. 1999). As the designation of Young as a credit restricted felon is particularly fact sensitive, dependant upon judicial determination, and has a significant impact on Young's sentence, we decline to categorize the trial court's reference to Count II in the Supplemental Sentencing Order as a "minor mistake." Thus, we cannot agree with the State's assessment of the error.

6

occurred in "2010." (*Id*. at 340.) A.Y. turned twelve years old on October 22, 2009. Based thereon, we hold the trial court erred when it decided Young was a credit restricted felon because the State did not present evidence he committed any actions under Count II while A.Y. was under the age of twelve. *See* Ind. Code § 35-31.5-2-72 (for crimes of child molestation and sexual deviate conduct, victim must be "less than twelve (12) years of age"). Accordingly, we reverse the trial court's classification of Young as a credit restricted felon and remand for recalculation of his credit time.

## CONCLUSION

We hold A.Y.'s testimony was not incredibly dubious, and the State presented sufficient evidence to prove Young committed two counts of Class A felony child molestation. However, the trial court erred when it declared Young to be a credit restricted felon because the State did not prove he engaged in sexual intercourse with A.Y. when she was less than twelve years old. Accordingly, we reverse the determination that Young is a credit restricted felon, and remand for recalculation of Young's credit time.

Affirmed in part, reversed in part, and remanded.

KIRSCH, J., and NAJAM, J., concur.

7