## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 27 2015, 6:14 am

CLERK
of the supreme court,
court of appeals and
tax court

**ATTORNEY FOR APPELLANT**

Stanley L. Campbell
Fort Wayne, Indiana

**ATTORNEY FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ricky B. Akins,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

July 27, 2015

Court of Appeals Case No.
02A03-1412-CR-439

Appeal from the Allen Superior
Court

Cause No. 02D05-1307-FA-29

The Honorable Frances Gull, Judge

**Friedlander, Judge.**

[1] Ricky Akins was convicted of three counts of Child Molesting, two as class A felonies [1] and one as a class C felony.[2] On appeal, Akins challenges his convictions and presents two restated issues for our review. We raise a third issue *sua sponte*.

1. Was there sufficient evidence to sustain Akins's convictions?
2. Did the trial court abuse its discretion when it admitted the testimony from the sexual assault nurse?
3. Did the trial court violate the double jeopardy clause of the Indiana Constitution?

[2] We affirm in part, reverse in part, and remand.

[3] The facts favorable to the convictions are as follows. Jody Boisseau met Akins at work and the two began dating. Late in December of 2012, Akins moved in with Boisseau and her six-year-old daughter, J.H.[3] When Boisseau worked third shift, she would leave J.H. with Madeline Hill and Madeline's twelve-year-old daughter Y.H. On two occasions, Boisseau left J.H. with Akins so she could go to the bar with a friend. On one of those occasions, Akins sexually abused six-year-old J.H.

---

[1] The version of the governing statute, i.e., Ind. Code Ann. § 35-42-4-3 (West, Westlaw 2013), in effect at the time this offense was committed classified it as a class A felony. This statute has since been revised and in its current form reclassifies this as a Level 1 felony. *See* I.C. § 35-42-4-3 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015). The new classification, however, applies only to offenses committed on or after July 1, 2014. *See id*. Accordingly, this offense retains the former classification.

[2] Under the new statute, this would be a Level 4 felony.

[3] J.H. was born on October 13, 2006.

[4] On the night in question, J.H. built a fort in her bedroom with blankets and pillows. She placed stuffed animals, pillows, blankets, and a night light inside of the fort. J.H. was awakened from her sleep when Akins opened the door and entered her bedroom. Akins knelt down to the ground, where J.H. was sleeping, pulled up her night gown, and removed her underwear. Akins touched, licked, and put his finger inside of her sexual organ. J.H. said the touch felt "weird"; "I moved my legs a little he [Akins] kept undoing it." *Transcript* at 47-48. Akins quickly left J.H.'s room when he heard Boisseau open the front door. Boisseau then went to J.H.'s room and kissed her goodnight. J.H. immediately told her mother Akins had touched her "private",[4] but Boisseau did not believe her daughter. *Id.* at 44. Two or three weeks later, J.H. told Y.H. and Madeline about the incident. Madeline called the police to inform them of the incident.

[5] On July 15, 2013, the State charged Akins with two counts of class A felony child molesting (Counts I and II) and a third count of class C felony child molesting (Count III). Count I was based on the allegation that Akins placed his mouth on or in J.H.'s female organ. Count II alleged Akins committed sexual deviate conduct by placing his finger inside J.H.'s female organ. Count III alleged that Akins fondled and/or touched J.H.'s female organ. On October 16, 2014, the jury found Akins guilty as charged. Akins was sentenced to an aggregate term of forty years.

---

[4] J.H. indicated that her "private" is something she uses to "go pee." *Transcript* at 46.

[6] Akins contends the evidence is insufficient to support his child molesting convictions for the two class A felonies.[5] When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Henley v. State*, 881 N.E.2d 639 (Ind. 2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* at 652. "[This court] will affirm unless no reasonable fact-finder could have found the crime proven beyond a reasonable doubt." *Dumes v. State,* 23 N.E.3d 798, 801 (Ind. Ct. App. 2014).

[7] Akins argues J.H.'s testimony is not credible. He notes that Boisseau did not believe her daughter at the time of the incident. Boisseau testified that she believed her daughter was in a "lying phase" and J.H. was upset because Boisseau had punished her by taking away her electronics. *Transcript* at 213.

[8] To support the convictions for Counts I and II as alleged, the State had to prove Akins was over twenty-one years of age and knowingly or intentionally performed deviate conduct on J.H. when the child was under fourteen years of age. *See* I.C. § 35-42-4-3. Deviate sexual conduct involves a sex organ of one person and the mouth of another, or the penetration of a sex organ by an object. Ind. Code Ann. §

---

[5] Akins asserts a double jeopardy argument with regards to Count III. We will address this as a separate issue.

35-41-1-9 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015).

[9] Evidence established that Akins was forty-five at the time, and J.H. was six years old. J.H. testified that Akins rubbed his finger inside and outside her "private" and he stuck his tongue inside her "private." *Transcript* at 46. Her testimony was consistent with her prior statements to her mother, babysitter, and the police officer. "A conviction of child molesting may rest on the uncorroborated testimony of the victim." *Young v. State*, 973 N.E.2d 1225, 1227 (Ind. Ct. App. 2012). Accordingly, we reject Akins's invitation to reweigh the evidence and to determine the credibility of the witnesses. The State presented sufficient evidence to support the child molesting convictions.

## 2.

[10] Akins contends the trial court abused its discretion when it admitted testimony from the sexual assault nurse who examined J.H. The nurse testified regarding the statements made by J.H. during the course of the examination which were consistent with her trial testimony. Akins argues the nurse's testimony is inadmissible hearsay.

[11] A trial court has broad discretion to admit or exclude evidence. *Blount v. State*, 22 N.E.3d 559 (Ind. 2014). We will not reverse such a decision unless it is clearly contrary to the logic and effect of the facts and circumstances of the case or misinterprets the law. *VanPatten v. State*, 986 N.E.2d 255 (Ind. 2013).

[12] A hearsay statement is one "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). Hearsay statements are not admissible, except pursuant to certain exceptions within the Rules of Evidence. Evid. R. 802.

[13] One such exception generally permits statements made for the purpose of medical diagnosis or treatment to be admitted into evidence, even when the declarant is available. Evid. Rule 803(4). To fit in with this exception, the statements must be "made by persons who are seeking medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." *VanPatten v. State* 986 N.E.2d at 260. Rule 803(4)'s exception is grounded in the belief that people are unlikely to lie to their doctors because doing so might jeopardize their opportunity to be made well. *VanPatten v. State* 986 N.E.2d 255.

[14] The court has established a two-step analysis for admission of evidence under Rule 803(4): first, "is the declarant motivated to provide truthful information in order to promote diagnosis and treatment," and second, "is the content of the statement such that an expert in the field would reasonably rely on it in rendering diagnosis or treatment." *Id*. at 255. "Statements made by victims of sexual assault or molestation about the nature of the assault or abuse—even those identifying the perpetrator—generally satisfy the second [step] of the analysis because they assist medical providers in recommending potential treatment for sexually transmitted

disease, pregnancy testing, psychological counseling, and discharge instructions." *Id*. at 260.

[15] In *VanPatten,* the court recognized that the first factor is satisfied by the assumption individuals do not lie to their doctors because they want to receive the proper medical treatment. The presumption is not the same, however, in cases where the declarant is a child. In such cases, the court requires a "more robust evidentiary foundation." *Id*. at 257.

[16] Where the declarant is a child, there must be evidence that the child understood the professional's role. "Such young children may not understand the nature of the examination, the function of the examiner, and may not necessarily make the necessary link between truthful responses and accurate medical treatment." *Id*. at 261. Accordingly, "there must be evidence that the declarant understood the professional's role in order to trigger the motivation to provide truthful information." *Id*. Here, J.H. expressly testified that she understood the nurse's role was to make sure she was well and that she knew the importance of being truthful. Both factors were established in this case. Thus, the challenged testimony was properly admitted as an exception to the hearsay rule.

3.

[17] Although not directly, Akins appears to contend that Count III, his class C felony conviction, should be set aside on double jeopardy grounds. Although his slender argument is not well developed and risks waiver, we choose to address it on the merits. *See White v. State*, 25 N.E.3d 107, 130 (Ind. Ct. App. 2014). ("[w]e raise the

issue of double jeopardy *sua sponte* because a double jeopardy violation, if shown, implicates fundamental rights").

[18] A conviction violates the double jeopardy clause of the Indiana Constitution "if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Id*. Akins contends the actual evidence used to convict him of Count II and Count III was the same. "Dual convictions cannot stand if a defendant demonstrate[s] a reasonable possibility that the evidentiary facts used by the fact-finder to establish elements of one offense may have also been used to establish the essential elements of a second challenged offense." *Davies v. State,* 730 N.E.2d 726, 741 (Ind. Ct. App. 2000).

[19] Count III, child molesting by fondling, was established by J.H.'s testimony that Akins rubbed her vaginal area both on the outside and the inside. Count II, child molesting by digital penetration, was established by this same testimony. Further, it is apparent that Counts II and III were committed within moments of each other during the same incident. In *Davies v. State,* the court found a double jeopardy violation reasoning, "[A] single incident of molestation without independent evidence of fondling could not support both molesting by criminal deviate conduct and molesting by fondling. Under these facts the fondling was part of the penetration." *Id.* at 741. *Cf. Sloan v. State*, 947 N.E. 2d 917 (2011) (finding no double jeopardy violation because although the act occurred together, there was independent and distinct evidence of both penetration of vagina and fondling of breast). Under these circumstances there was a double jeopardy violation because

Akins was convicted of child molesting on two counts based upon the same act without independent evidence of deviate conduct and fondling. Therefore, we remand this case to set aside the class C felony conviction.

[20] Judgment affirmed in part, reversed in part, and remanded.

Baker, J., and Najam, J., concur.