## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 05 2017, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Benjamin Lee,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

June 5, 2017

Court of Appeals Case No.
49A05-1609-CR-2197

Appeal from the Marion Superior Court

The Honorable Mark Stoner, Judge

Trial Court Cause No.
49G06-1507-FA-24808

**May, Judge.**

[1] Benjamin Lee appeals his convictions for three counts of Class A felony child molesting.[1] He argues the State did not present sufficient evidence of his guilt because A.G.'s testimony was incredibly dubious. We affirm.

## Facts and Procedural History

[2] Between 2002 and 2005, when A.G. was between five and eight years old, A.G.'s mother ("Mother") was in a relationship with Lee. During that time, Lee would babysit A.G. while Mother was at work. On multiple occasions, Lee forced A.G. to perform oral sex on him and once attempted to have sexual intercourse with her. A.G. did not report the incidents at the time because she "was scared" and "felt stupid." (Tr. Vol. II at 78.) When A.G. was in junior high or high school, she told Mother that Lee had molested her. A.G. did not tell anyone else at that time because "it's old and wouldn't nobody believe [her]." (*Id.* at 79) (errors in original). Mother did not report what A.G. told her at that time because she "googled it and it was that the statute of limitations had passed based on what [she] knew at the time." (*Id.* at 35.)

[3] In May 2015, when A.G. was eighteen years old, Lee contacted A.G. via telephone at her job and asked her if she remembered him and if their "secret [was] still between [them.]" (*Id.* at 80.) A.G. began physically shaking after the phone call and called Mother. A.G. contacted the police and reported the

---

[1] Ind. Code § 35-42-4-3(a) (1998).

incidents of molestation that occurred between 2002 and 2005. Based thereon, the State charged Lee with four counts of Class A felony child molesting. Three of the charges alleged Lee performed or submitted to an act of criminal deviate conduct with A.G.; the other alleged he had sexual intercourse with her. The police arrested Lee on August 6, 2015.

[4]     The trial court held a jury trial. The jury returned a guilty verdict for all but one of the counts. On September 2, 2016, the trial court sentenced Lee to an aggregate sentence of eighty-five years, with twenty-five years suspended.

# Discussion and Decision

[5]     When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id*. To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the jury's ruling. *Id*. We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the jury's decision. *Id*. at 147.

[6] To prove Lee committed Class A felony child molesting, the State had to prove Lee was at least twenty-one years old and performed or submitted to sexual intercourse or deviate sexual conduct with a child under fourteen years of age. *See* Ind. Code § 35-42-4-3(a) (1998). Lee argues A.G.'s testimony was incredibly dubious and, thus, the State did not present sufficient evidence that he committed three counts of Class A felony child molesting.

[7] The "incredible dubiosity rule" applies "only when a lone witness offers inherently contradictory testimony that is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt." *Edwards v. State*, 753 N.E.2d 618, 622 (Ind. 2001). Because it is the jury's role to judge witness credibility and to weigh evidence, we cannot impinge on the jury's role except in the rare circumstance when testimony "runs counter to human experience [such] that reasonable persons could not believe" it. *Id.* (internal citations omitted).

[8] Lee argues inconsistencies between A.G.'s testimony at trial and her statements to police make her testimony incredibly dubious. "The fact that a witness gives trial testimony that contradicts earlier pre-trial statements does not necessarily render the trial testimony incredibly dubious." *Murray v. State*, 761 N.E.2d 406, 409 (Ind. 2002). Thus, we cannot declare A.G.'s testimony incredibly dubious due to the inconsistencies Lee cites.

[9] Lee also claims:

> What is contradictory about A.G.'s testimony is that she purported to recall facts that might satisfy proof of the elements of the offense, but she could not recall details of the incidents. Her ability to recall incidents from ten to twelve years before is rendered incredible by her inability to recall surrounding details. It is inherently contradictory that a witness can recall only the alleged offenses and not the attendant facts and circumstances.

(Br. of Appellant at 13.) We disagree with Lee's legally unsupported statement. In fact, we have before acknowledged that, when many years have passed between sexual abuse and testimony, a child will be unable to remember the specific circumstances that surrounded each occurrence of an offense. *See, e.g., Baker v. State*, 948 N.E.2d 1169, 1174 (Ind. 2011) (noting children often cannot recall extraneous facts distinguishing each of multiple occurrences of abuse), *reh'g denied*. And we note that eleven years passed between when Mother's relationship with Lee ended and when A.G. was testifying, which alone could account for any witness's inability to remember surrounding details. We decline to call A.G.'s testimony dubious on this basis.

[10] Further, A.G. was not the only witness. Mother testified A.G.'s behavior changed over the course of Mother's relationship with Lee, until A.G. did not want to be around Lee. Mother also testified A.G. disclosed Lee's molestation to Mother when A.G. was in junior high or high school, but that Mother thought the statute of limitations had lapsed for reporting of the crime and therefore did not call police. A.G. testified to multiple incidents of molestation by Lee. His arguments are invitations for us to reweigh the evidence and judge witness credibility, which we cannot do. *See Drane*, 867 N.E.2d at 146

(appellate court does not reweigh evidence or judge credibility of witnesses). A.G.'s testimony was not incredibly dubious, and it was sufficient to support the jury finding Lee committed three counts of Class A felony child molesting. *See Young v. State*, 973 N.E.2d 1225, 1227 (Ind. Ct. App. 2012), (affirming molest convictions based on testimony of victim), *reh'g denied*, *trans. denied*.

# Conclusion

Lee has not demonstrated A.G.'s testimony was incredibly dubious and thus the State presented sufficient evidence to prove Lee committed three counts of Class A felony child molesting. We affirm.

Affirmed.

Brown, J., and Pyle, J., concur.