## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 16 2018, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Susan D. Rayl
Smith Rayl Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Johnny Rivers, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 16, 2018 <br><br> Court of Appeals Case No. 18A-CR-700 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Jose Salinas, Judge <br><br> Trial Court Cause No. 49G14-1606-F6-24513 |

**Bradford, Judge.**

# Case Summary

[1] Johnny Rivers was charged with Level 6 felony possession of a narcotic drug and Class A misdemeanor driving while suspended after police discovered heroin on the floor between the driver's seat and the driver's-side door of the vehicle Rivers owned and was driving. The trial court found him guilty as charged. Rivers contends that the evidence is insufficient to support the trial court's finding that he constructively possessed heroin. Because we disagree, we affirm.

# Facts and Procedural History

[2] On June 22, 2016, Indianapolis Metropolitan Police Officer Joseph Kraeszig initiated a traffic stop after his license plate reader indicated the vehicle driven by Rivers was reported stolen. Rivers was accompanied by a female passenger. Both occupants were removed from the vehicle, and Rivers was placed into custody on suspicion of stealing the vehicle.

[3] Sergeant Jeffrey Augustinovicz arrived on the scene to assist Officer Kraeszig and conducted a search of Rivers's vehicle. On the floor between the driver's seat and driver's-side door, Sergeant Augustinovicz observed an unsealed plastic bag containing a "grayish-purplish substance" later determined to be 0.65 grams of heroin. Tr. Vol. II p. 19. The heroin was found near a wallet and a cup, both of which belonged to Rivers. Rivers claimed to have owned the

vehicle for two-and-one-half weeks prior to the traffic stop but denied having any knowledge of the heroin and explained that a few other persons had driven the vehicle since his purchase.

[4] On June 27, 2016, the State charged Rivers with one count of Level 6 felony possession of a narcotic drug and one count of Class A misdemeanor driving while suspended. Following a bench trial held on February 14, 2018, the trial court found Rivers guilty as charged. The trial court sentenced Rivers to an aggregate sentence of 545 days of incarceration with 489 days suspended to probation.

# Discussion and Decision

[5] Rivers contends that the State produced insufficient evidence to support his conviction for possession of a narcotic drug, namely, the trial court's finding that he constructively possessed heroin. When reviewing the sufficiency of evidence to support a conviction, this court considers only probative evidence and reasonable inferences supporting the trial court's decision. *Young v. State*, 973 N.E.2d 1225, 1226 (Ind. Ct. App. 2012), *trans. denied*. It is the role of the factfinder, not this court, to assess witness credibility and weigh the evidence. *Id.* This court will affirm a conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.*

[6] Although Rivers was not in actual possession of the heroin when it was discovered by officers, "a conviction for a possessory offense does not depend on catching a defendant red-handed." *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). In this case, the State sought to prove that the defendant possessed the drugs at a point in time other than its discovery by police, a doctrine referred to as constructive possession. *Cannon v. State*, 99 N.E.3d 274, 279 (Ind. Ct. App. 2018), *trans. denied*. A defendant is in constructive possession of illegal drugs when the State demonstrates that the defendant has (i) the intent to maintain dominion and control over the drugs and (ii) the capability to maintain dominion and control over the drugs. *Lampkins v. State*, 682 N.E.2d 1268, 1275 (Ind. 1997), *reh'g*, 685 N.E.2d 698 (Ind. 1997). A defendant's possessory interest in the premises in which the drugs were found by officers is sufficient to establish the capability to maintain dominion and control over the drugs, even where the possessory interest is non-exclusive. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011) (internal citations omitted).

[7] When a defendant's possessory interest of the premises is non-exclusive, the inference of intent to maintain dominion and control over the drugs must be proven by additional circumstances indicating the defendant's knowledge of the nature and presence of the drugs. *Lampkins* at 1275. A non-exhaustive list of additional circumstances includes

> (1) incriminating statements made by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant.

*Cannon v. State*, 99 N.E.3d 274, 279 (Ind. Ct. App. 2018) (internal citations omitted), *trans. denied*. This collection of additional circumstances is not a balancing test with factors to be weighed but, rather, a non-exhaustive list of circumstances that have been found sufficient to prove constructive possession in certain cases. *Id.* at 279 n.2.

[8] Rivers does not dispute that he had a possessory interest in the vehicle in which the heroin was discovered, which is sufficient to establish his capability to maintain dominion and control over the heroin. Although Rivers's possessory interest was non-exclusive, there are additional circumstances that indicate his knowledge of the nature and presence of, and intent to maintain dominion and control of, the heroin. First is the close proximity of the heroin to Rivers. Rivers was driving, and the heroin was found on the floor between the driver's seat and driver's-side door. Moreover, the heroin would have been in the plain view of all persons as they entered the driver's-side of the vehicle or looked down while sitting in the driver's seat. Finally, Rivers admitted that the items mingled with the bag of heroin, *i.e.*, a cup found in the driver's-side door and wallet found in the driver's seat, were his personal belongings. We conclude that these

additional circumstances create a reasonable inference that Rivers had knowledge of the heroin and the intent to maintain dominion and control over it. Rivers has failed to establish that the State produced insufficient evidence to support the trial court's determination that he constructively possessed the heroin.

[9] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.