## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 15 2019, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Raquet, Vandenbosch & Steele
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey Roberts,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 15, 2019

Court of Appeals Case No.
18A-CR-1321

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1611-F2-1153

**Bradford, Judge.**

# Case Summary

[1]     In an exchange of text messages from October 21, 2016, through October 29, 2016, Jeffery Roberts agreed to sell Olivia Windlow a total of 5.7 grams of heroin. The State charged Roberts with Level 2 felony conspiracy to commit dealing in a narcotic drug and alleged him to be a habitual offender. On April 6, 2018, a jury found Roberts guilty as charged, and he was sentenced to fifty years of incarceration. Roberts contends that (1) the evidence was insufficient to sustain his conviction, (2) the trial court invaded the province of the jury, and (3) the trial court erred by denying the admission of Windlow's jail records. Because we disagree, we affirm.

# Facts and Procedural History

[2]     Between October 21, 2016, through October 29, 2016, Roberts agreed, in an exchange of text messages, to sell Windlow a total of 5.7 grams of heroin. On three occasions during that time, Mark McNew accompanied Windlow to collect the heroin and gave her money to purchase his share. Once at the meeting location, Windlow would exit McNew's vehicle, and she and Roberts would enter Roberts's vehicle where he dealt her heroin. Upon completion of the drug transactions, Windlow and McNew would leave and divide the heroin up accordingly. On October 29, 2016, Windlow was found dead on her bathroom floor, the result of a drug overdose. Police discovered a package containing a powdery substance lying on the bathroom sink and a syringe in

Windlow's hand. An autopsy confirmed heroin toxicity as Windlow's cause of death.

[3] On November 3, 2016, the State charged Roberts with Level 2 felony dealing in a narcotic drug and alleged him to be a habitual offender. The State amended the Level 2 felony dealing in a narcotic drug charge to Level 2 felony conspiracy to commit dealing in a narcotic drug and added charges of Level 4 felony dealing in narcotic drug and Level 5 felony reckless homicide. On April 6, 2018, a jury trial was held, at which the State sought an enhanced penalty based on Roberts's prior conviction in addition to the amended charges. The jury found Roberts guilty as charged, except for the Level 4 felony dealing in narcotic drug and Level 5 felony reckless homicide charges, which were dismissed by the State after jury deadlock. On May 24, 2018, the trial court sentenced Roberts to an aggregate sentence of fifty years of incarceration.

# Discussion and Decision

## I. Sufficiency of the Evidence

[4] Roberts contends that the State produced insufficient evidence to support his conviction for Level 2 felony conspiracy to commit dealing in a narcotic drug. Specifically, Roberts contends that the evidence was insufficient because the State failed to show the actual measured weight of the heroin or demonstrate that the quantity of the heroin was so large as to permit a reasonable inference that the element of weight had been established. When reviewing the sufficiency of evidence to support a conviction, we consider only probative

evidence and reasonable inferences supporting the factfinder's decision. *Young v. State*, 973 N.E.2d 1225, 1226 (Ind. Ct. App. 2012), *trans. denied*. It is the role of the factfinder, not ours, to assess witness credibility and weigh the evidence. *Id.* We will affirm a conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* A person commits Level 2 felony dealing in a narcotic drug if the person knowingly or intentionally delivered heroin and the amount of heroin involved was at least five grams but less than ten grams and an enhancing circumstance applied ("Level 2 felony dealing"). Indiana Code § 35-48-4-1(e)(2); Ind. Code § 35-48-2-4(c). A prior conviction for dealing in a controlled substance qualifies as an enhancing circumstance. Ind. Code § 35-48-1-16.5(1). In this case, the State did not charge Roberts with Level 2 felony dealing but, rather, with Level 2 felony conspiracy to commit dealing in a narcotic drug. Thus, to convict Roberts, the State was required to establish that Roberts intended to and agreed with Windlow to commit Level 2 felony dealing and either Roberts or Windlow performed an overt act in furtherance of the agreement. Ind. Code § 35-41-5-2. The State was also required to prove that Roberts had a prior conviction for dealing in a controlled substance.

[5] The State produced ample evidence to establish that Roberts committed Level 2 felony conspiracy to commit dealing in a narcotic drug. Officer Cody Rayls testified that he performed an extraction report of text messages exchanged between Roberts and Windlow, which revealed that from October 21, 2016, through October 29, 2016, Roberts agreed to sell Windlow a total of 5.7 grams

of heroin and said report was admitted into evidence. Moreover, McNew testified to having driven Windlow to the meeting location and observing Roberts and Windlow enter Roberts's vehicle in which he dealt her heroin. This evidence establishes that Roberts had the requisite intent, agreed to deal heroin to Windlow, and that both parties performed an overt act in the furtherance of their agreement. Last, Officer Brad Reed testified that Roberts had a prior conviction for dealing in a controlled substance. The evidence is therefore sufficient to sustain Roberts's conviction. Turning to Roberts's specific contention, the State was not required to show the actual measured weight or demonstrate a reasonable inference as to the weight of the heroin because this is not required to establish Level 2 felony conspiracy to commit dealing in a narcotic drug. It would have been required if the State had charged Roberts with Level 2 felony dealing, but it did not. Therefore, Roberts has failed to establish that the State presented insufficient evidence.

## II. Province of the Jury

Roberts contends that the trial court invaded the jury's province by commenting on the weight that should have been given to McNew's Cass County plea agreement in the presence of the jury. "[U]nless the court can say that, as a matter of law, the evidence is insufficient to sustain a verdict, the matter of credibility and weight are the exclusive province of the jury." *Taylor v. State*, 278 N.E.2d 273, 275 (Ind. 1972). After cross-examining McNew about his Cass County plea agreement, Roberts moved to admit it into evidence, and the State objected. During a discussion with counsel for both parties the trial court stated

> I think it's pretty clear that he got no benefit in Cass County for testifying in this case. I think, well, I don't think, I know, I agree with Mr. Byal's opinion that they are marginally, very marginally relevant to show whether he got a maximum sentence or not for the purpose of impeachment. So we will show that Defendant's C and D are admitted.

Tr. Vol. III p. 70–71. Roberts does not claim nor does the record indicate that the jury ever heard the trial court's comments. Regardless, the trial court's statements did not amount to an invasion of the jury's province but, rather, an explanation to the parties that the plea agreement was not being admitted as substantive evidence because it was not relevant to this Howard County case. The trial court, however, did allow the plea agreement to be admitted into evidence for impeachment purposes because Roberts's trial counsel elicited information about the sentence McNew received in Cass County during prior cross-examination. There is no indication that the jury heard the trial court's comments; but, even if it did, the comments did not invade the province of the jury. Therefore, Roberts has failed to establish that the trial court's statements invaded the province of the jury.

# III. Windlow's Jail Record

Roberts contends that the trial court erred by denying the admission of Windlow's jail records. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Baker v. State*, 997 N.E.2d 67, 70 (Ind. Ct. App. 2013). "An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court." *Id.*

Specifically, Roberts seemingly argues that he intended to use Windlow's jail records to show that McNew's testimony that Windlow was clean for 120 days prior to her overdose and that he spent time with her in the summer of 2016 were false or inconsistent. However, these matters are collateral at best. Roberts had the opportunity to cross-examine McNew on these statements but was not entitled to impeach his testimony with extrinsic evidence. *See Kien v. State*, 782 N.E.2d 398, 409 (Ind. Ct. App. 2003) ("A party may inquire into a collateral matter on cross-examination. However, the questioner is bound by the answer received and may not impeach the witness with extrinsic evidence unless the evidence would be independently admissible"), *trans. denied*. Therefore, we conclude that the trial court did not abuse its discretion by denying the admittance of Windlow's jail records.

[8] The judgment of the trial court is affirmed.

Bailey, J., and Brown, J., concur.