## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 19 2019, 10:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel Hageman
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ladell Davis, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 19, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-2876 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Bradley Keffer, Judge *Pro Tempore* <br><br> Trial Court Cause No. <br> 49G12-1805-CM-14588 |

**Bradford, Judge.**

# Case Summary

On October 16, 2018, Ladell Davis was convicted of Class B misdemeanor disorderly conduct. Davis contends that the State produced insufficient evidence to sustain his conviction by failing to prove that his conviction occurred within the statute of limitations. Because we agree with Davis's contention and find it dispositive, we need not address his other contentions. We reverse.

# Facts and Procedural History

On May 5, 2018, the State charged Davis with two counts of Class A misdemeanor battery resulting in bodily injury and one count of Class B misdemeanor disorderly conduct. The disorderly conduct charge alleged that "[o]n or about May 5, 2018, LADELL DAVIS, did recklessly, knowingly, or intentionally make an unreasonable noise; and continued to do so after being asked to stop[.]" Appellant's App. Vol. II p. 14. The State, however, produced no evidence during the October 16, 2018 bench trial to show the date on which Davis committed the offense.[1] The trial court found Davis guilty of disorderly conduct and sentenced him to ten days of incarceration and 365 days on probation.

---

[1] The State dismissed both counts of battery resulting in bodily injury prior to trial.

# Discussion and Decision

[3] Davis contends that the State produced insufficient evidence to sustain his conviction by failing to prove that the offense occurred within the statute of limitations. When reviewing the sufficiency of evidence to support a conviction, this court considers only probative evidence and reasonable inferences supporting the factfinder's decision. *Young v. State*, 973 N.E.2d 1225, 1226 (Ind. Ct. App. 2012). This court will affirm a conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* The Indiana Supreme Court has concluded that "[i]t is a necessary burden of the State to establish that the crime charged was committed within the statute of limitations." *Fisher v. State*, 291 N.E.2d 76, 82 (Ind. 1973). The statutory limitation period for the prosecution of a misdemeanor offense in Indiana is two years. Ind. Code § 35-41-4-2(a)(2).

[4] The State failed to prove that Davis committed disorderly conduct within the statute of limitations. While the charging information alleged that Davis committed the offense on May 5, 2018, at no point during trial did the State present any evidence showing the date on which the alleged offense occurred. By failing to do so, the State failed to establish that Davis committed the misdemeanor offense within the two-year statute of limitations.

[5] The State argues that Davis has waived his contention for appellate review by failing to raise it during trial. We have held, however, that a defendant does not waive a statute of limitations defense by failing to raise it at trial. *See Jewell v. State*, 877 N.E.2d 864, 868–69 (Ind. Ct. App. 2007) ("[W]e have held that even

though a defendant does not raise a statute of limitations defense at trial, a violation of the statutory limitations period constitutes fundamental error and cannot be waived."), *aff'd in part and vacated in part on other grounds in Jewell v. State*, 887 N.E.2d 939 (Ind. 2008).

[6] The judgment of the trial court is reversed.

Crone, J., and Tavitas, J., concur.