## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2019, 6:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Taylor-Price
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sierra Hill,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 20, 2019

Court of Appeals Case No.
19A-CR-1074

Appeal from the Marion Superior Court

The Honorable Amy Jones, Judge

The Honorable David Hooper, Magistrate

Trial Court Cause No.
49G08-1809-CM-30447

**Bradford, Judge.**

# Case Summary

In September of 2018, Sierra Hill was charged with Class A misdemeanor criminal trespass due to her refusal to leave a Boston Market after being told to do so by the assistant general manager. In April of 2019, Hill was convicted of criminal trespass. Hill contends that the State produced insufficient evidence to sustain her conviction. We affirm.

# Facts and Procedural History

On September 10, 2018, DoorDash delivery woman Hill entered a Marion County Boston Market to pick up a food order for delivery. Assistant General Manager Timothy Dixson encountered Hill and asked to view the order confirmation on Hill's mobile telephone, which is Boston Market's standard procedure. Hill refused and began "yelling and screaming and saying that that was theft and that I was not giving her the food that she was there to pick up[.]" Tr. p. 6. At that point, Dixson asked Hill to leave, but rather than leave, Hill called the police. Dixson gave Hill her food and she left the restaurant. Approximately thirty-five to forty minutes later, Hill returned to the Boston Market and demanded the names and phone numbers of Dixson's employees. Dixon refused, only offering to give Hill his name and phone number. After Dixon refused, Hill called the police to have them come back to the restaurant and retrieve the names of all the employees. Dixon reminded Hill that he had already asked her to leave the restaurant. Police arrived at the Boston Market, and Hill was taken into custody.

[3] On September 11, 2018, the State charged Hill with Class A misdemeanor criminal trespass and Class B misdemeanor disorderly conduct. On April 15, 2019, a bench trial was held, after which Hill was found guilty of criminal trespass. The trial court sentenced Hill to 365 days with 361 days suspended to probation.

# Discussion and Decision

[4] Hill contends that the State presented insufficient evidence to support her criminal-trespass conviction. When reviewing the sufficiency of evidence to support a conviction, we consider only probative evidence and reasonable inferences supporting the factfinder's decision. *Young v. State*, 973 N.E.2d 1225, 1226 (Ind. Ct. App. 2012), *trans. denied*. It is the role of the factfinder, not ours, to assess witness credibility and weigh the evidence. *Id.* We will affirm a conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* To convict Hill of Class A misdemeanor criminal trespass, the State had to establish that Hill, not having a contractual interest in Boston Market, knowingly or intentionally refused to leave Boston Market after having been asked to leave by Dixson. Ind. Code § 35-43-2-2(b)(2).[1]

---

[1] Indiana Code section 35-41-2-2 dictates that

> (a) A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.

[5]     We conclude that there was sufficient evidence to sustain Hill's conviction. The record indicates that approximately thirty-five to forty minutes after Hill had received her order and left, she returned to the Boston Market. At that point, the contractual interest Hill had, if any, had dissipated. The record also indicates that Dixson again told Hill to leave the restaurant, but she refused and called the police. Given the record, a reasonable factfinder could conclude that Hill committed criminal trespass.

[6]     Hill argues that because she had returned to the Boston Market to file a police report against an employee that she alleges threatened her, she had a fair and reasonable foundation for believing that she had a right to be present at the Boston Market. *See Curtis v. State*, 58 N.E.3d 992, 994 (Ind. Ct. App. 2016) ("[I]f a person has a fair and reasonable foundation for believing that he or she has a right to be present on the property, there is no criminal trespass."). Hill's own testimony, however, is the only evidence that indicates that an employee at the Boston Market had threatened her, which the trial court was not required to believe and apparently did not. Hill's argument is merely an invitation for us to reweigh the evidence and judge witness credibility, which we will not do. *Young*, 973 N.E.2d at 1226.

[7]     The judgment of the trial court is affirmed.

---

(b) A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

Vaidik, C.J, and Riley, J., concur.