## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 14 2020, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Berger
Law Office of Donald J. Berger
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Malik Gardner,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 14, 2020

Court of Appeals Case No.
19A-CR-798

Appeal from the St. Joseph
Superior Court

The Honorable John Marnocha,
Judge

Trial Court Cause Nos.
71D02-1808-F6-802
71D02-1806-F6-532

**Bradford, Chief Judge.**

# Case Summary

In May of 2017, Malik Gardner purchased marijuana using counterfeit fifty-dollar bills. In June of 2018, the State charged Gardner with two counts of Level 6 felony counterfeiting and one count of Class A misdemeanor resisting law enforcement. In December of 2018, Gardner was found guilty of counterfeiting and resisting law enforcement. Gardner contends that the State produced insufficient evidence to sustain his counterfeiting conviction. We affirm.

# Facts and Procedural History

On May 24, 2017, Gardner met Carlton Gary to purchase marijuana in St. Joseph County. In exchange for the marijuana, Gardner gave Gary what appeared to be two folded fifty-dollar bills. Sometime thereafter, Gary attempted to use one of the fifty-dollar bills to make a purchase from a gas station. The clerk noticed that the bill was marked "For Motion Picture Use Only," and after refusing to return the bill to Gary, the clerk and Gary agreed that Gary would call law enforcement to report the counterfeit bill. Tr. p. 13. When the police officer arrived, Gary informed him that he had received the counterfeit bills from Gardner after selling him a pair of shoes. Later that day, Gardner was apprehended by police with multiple bills in his possession that were also labeled "For Motion Picture Use Only." Tr. p. 55.

On June 12, 2018, the State charged Gardner with two counts of Level 6 felony counterfeiting and one count of Class A misdemeanor resisting law enforcement. On December 6, 2018, a jury trial was held, after which Gardner was found guilty of one count of counterfeiting and one count of resisting law enforcement. On March 27, 2019, the trial court sentenced Gardner to thirty months of incarceration with twelve suspended to probation.

## Discussion and Decision

Gardner contends that the State produced insufficient evidence to sustain his counterfeiting conviction. When reviewing the sufficiency of evidence to support a conviction, we consider only probative evidence and reasonable inferences supporting the factfinder's decision. *Young v. State*, 973 N.E.2d 1225, 1226 (Ind. Ct. App. 2012), *trans. denied*. It is the role of the factfinder, not ours, to assess witness credibility and weigh the evidence. *Id.* We will affirm a conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* To convict Gardner of Level 6 felony counterfeiting, the State was required to prove that Gardner knowingly or intentionally made or uttered a written instrument in such a manner that it purports to have been made by authority of one who did not give authority. Ind. Code § 35-43-5-2(a)(1)(D).[1] "Intent is a mental state, and the trier of fact

---

[1] Indiana Code section 35-41-2-2 dictates that

often must infer its existence from surrounding circumstances when determining whether the requisite intent exists." *Goodner v. State*, 685 N.E.2d 1058, 1062 (Ind. 1997).

[5] Here, Gardner argues that the State's evidence is insufficient because it is based on the testimony of Gary, who not only lied to police about what he sold Gardner but also because he admitted to using illegal substances. This argument, however, is nothing more than an invitation to reweigh the evidence and judge witness credibility, which we will not do. *Young*, 973 N.E.2d at 1226. That said, the evidence is otherwise sufficient to allow a reasonable factfinder to find that Gardner committed counterfeiting. The record indicates that Gardner purchased marijuana from Gary using what he purported to be two folded fifty-dollar bills, which were subsequently discovered to be marked with a "For Motion Picture Only" inscription. The record also indicates that after fleeing from police, Gardner was apprehended with additional bills on his person matching the serial numbers and "For Motion Picture Only" inscription as the bills Gardner gave to Gary. Gardner has failed to establish that the State produced insufficient evidence to sustain his conviction for Level 6 felony counterfeiting.

---

(a) A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

The judgment of the trial court is affirmed.

Robb, J., and Altice, J., concur.