## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 29 2020, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael R. Auger
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Chrys Scherer,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 29, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2797<br><br>Appeal from the Johnson Circuit Court<br><br>The Honorable Andrew S. Roesener, Judge<br><br>Trial Court Cause No.<br>41C01-1811-F6-600 |

**Bradford, Chief Judge.**

# Case Summary

In October of 2019, Chrys Scherer was convicted of Level 6 felony theft and subsequently sentenced to 730 days of incarceration with 365 days suspended to probation. Scherer contends that the State presented insufficient evidence to sustain her conviction. We affirm.

# Facts and Procedural History

On the evening of November 7, 2018, Scherer was employed at the Greenwood Stein Mart, working in the men's and accessories departments of the store. After 4:00 p.m., only one register was open near the entrance and exit of the store. At approximately 5:40 p.m., a female wearing a black jacket (the "woman in black") and a female wearing a gray jacket (the "woman in gray") entered Stein Mart carrying bags. The woman in black entered the men's department and began removing items from racks and placing them into her cart. As the woman in black pushed her cart into the women's department, she encountered Scherer, and the two women appear to converse before leaving the area. A few minutes later, the woman in black exited the store carrying multiple full bags without stopping at the register to pay. At the same time the woman in black was exiting the store, Scherer walked toward the register, moving her hands in the air and began conversing with the cashier. Scherer walked away from the register and began talking on her mobile telephone. Moments later, the woman in black reentered the store without the bags with which she had left.

[3]     At approximately 5:49 p.m., Scherer and the woman in gray were both walking in the accessories department when Scherer turned around and began talking to the woman in gray. Minutes later, the woman in gray exited the store carrying two full bags without stopping at the register to pay. At the same time, Scherer again walked toward the cash-register area moving her hands in the air. A few minutes later, the woman in gray reentered the store without the bags with which she had left.

[4]     Scherer began working the cash register at approximately 6:34 p.m. After another employee left from behind the register, Scherer entered the hold room and removed a leopard-print jacket. Scherer walked into the accessories department carrying the jacket, only to return to the cash-register area carrying an empty hanger and talking on her mobile telephone. Once Scherer returned to the cash register, the woman in gray approached the register carrying a pile of clothing and a piece of wall art. The woman in gray placed the pile of clothing on the register counter and exited the store with the piece of wall art without paying. Scherer removed the security tags from the pile of clothing. Upon the woman in gray's reentry into the store without the wall art, Scherer gave her the pile of clothing, and the woman in gray carried it into the accessories department where she met up with the woman in black.

[5]     Later, Scherer removed several items including a white vase and placed them in a cardboard box on the floor of the men's department. Around that time, the women in gray and black enter the men's department, and while standing near the cardboard box, Scherer leaned towards the woman in gray and conversed

with her. Some time after the three women had left the men's department, the woman in black returned and reached into the cardboard box several times, removing items and placing them into her cart. After leaving the men's department, the woman in black pushed her cart into the women's department dressing-room area. The white vase was ultimately found inside a bag in the women's dressing room at closing time. At approximately 7:37 p.m., the woman in gray exited the dressing-room area carrying multiple full bags and ultimately exited the store with the bags without paying. Stein Mart's asset-protection manager Diana Floyd was notified about the possible shoplifting by the store's manager. Floyd reviewed the security footage, the inventory, and purchase history. Floyd determined that the leopard-print jacket and piece of wall art were no longer inside the store, and neither had been purchased.

[6] On November 15, 2018, the State charged Scherer with Level 6 felony theft. On October 7, 2019, a bench trial was held, after which the trial court found Scherer guilty as charged. On October 28, 2019, the trial court sentenced Scherer to 730 days of incarceration with 365 days suspended to probation.

# Discussion and Decision

[7] Scherer contends that the State presented insufficient evidence to sustain her Level 6 felony theft conviction. When reviewing the sufficiency of evidence to support a conviction, we consider only probative evidence and reasonable inferences supporting the factfinder's decision. *Young v. State*, 973 N.E.2d 1225, 1226 (Ind. Ct. App. 2012), *trans. denied*. It is the role of the factfinder, not ours,

to assess witness credibility and weigh the evidence. *Id.* We will affirm a conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* To convict Scherer of Level 6 felony theft, the State was required to prove that Scherer or one of her accomplices knowingly or intentionally exerted unauthorized control over property of Stein Mart, with intent to deprive Stein Mart of any part of its value or use, and Scherer had a prior theft conviction. Ind. Code § 35-43-4-2(a)(1).[1]

[8]     We conclude that the State produced sufficient evidence to sustain Scherer's Level 6 felony theft conviction. The record indicates that Scherer and the women in black and gray worked in concert to deprive Stein Mart of its merchandise. Throughout the security footage, Scherer can be seen conversing with the two women. On two different instances, as one of the women exited the store carrying full shopping bags without paying, Scherer moved her hands in the air and walked towards the cashier in what can reasonably be inferred was an attempt to distract the cashier. Moreover, after being handed a pile of clothing from the woman in gray, Scherer removed security tags from the clothing without it being purchased, which is contrary to store policy, and gave it back to the woman in gray, who eventually left the store with multiple full shopping bags without paying. Finally, Scherer removed a leopard-print jacket

---

[1] We note that contrary to what Scherer seems to argue, it is immaterial as to whether Scherer was charged as the principal or accomplice in this case, because a defendant may be charged as the principal yet convicted as an accomplice. *See Whittle v. State*, 542 N.E.2d 981, 991 (Ind. 1989), *overruled on other grounds in Scisney v. State*, 701 N.E.2d 847, 848 (Ind. 1998) ("[T]here is no distinction between the responsibility of a principal and an accomplice. Thus, one may be charged as a principal yet convicted as an accomplice.") (cleaned up).

from the hold room, took it to a location outside the view of the security cameras, and returned to the cash-register area carrying only the empty hanger and talking on her mobile telephone. Floyd later determined that that jacket had neither been purchased nor could it be located in the store. We agree with the trial court's characterization of the crime, when it stated, "I watched the video and listened to the evidence carefully. It was clear to me that you had orchestrated an attempt here to use other folks to come in and steal from your employer. It wasn't even close, [Scherer], to be honest with you." Tr. Vol. II p. 109. Given this evidence, Scherer has failed to establish that no reasonable factfinder could find the elements of theft beyond a reasonable doubt.

[9]     The judgment of the trial court is affirmed.

May, J., and Vaidik, J., concur.