**FILED**

Sep 02 2020, 8:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Michael C. Borschel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeremy Ross,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 2, 2020

Court of Appeals Case No.
20A-CR-561

Appeal from the Marion Superior
Court

The Honorable Alicia A. Gooden,
Judge

The Honorable Richard E.
Hagenmaier, Magistrate

Trial Court Cause No.
49G21-1904-F6-14974

**Bradford, Chief Judge.**

# Case Summary

In January of 2020, Jeremy Ross was convicted of Level 2 felony methamphetamine dealing, Level 3 felony methamphetamine possession, and Class A misdemeanor marijuana possession, for which he received an aggregate sentence of ten years with seven years suspended. Ross contends that the trial court erroneously admitted prior statements he made to law enforcement which were obtained in violation of his *Miranda* rights and that there was insufficient evidence to sustain his methamphetamine-dealing and methamphetamine-possession convictions. Because we disagree, we affirm.

# Facts and Procedural History

On April 16, 2019, Lawrence Police Officer Havis Harris responded to an apartment complex in Marion County after being advised of a trespass involving Ross. While in route, Officer Harris was also advised by dispatch that there was an outstanding warrant for Ross's arrest. Upon arrival, Officer Harris identified Ross driving his vehicle and initiated a traffic stop. Officer Harris confirmed Ross's identify and smelled the odor of raw marijuana emanating from inside the vehicle. Ross was handcuffed and detained by assisting officers while Officer Harris began a search of Ross's vehicle. During the search, Officer Harris discovered a clear Tupperware container containing contraband on the passenger-side floorboard. As Officer Harris removed the Tupperware container from the vehicle, Ross stated "[p]lease ma'am, that's the only way, that's the only way I can, that's the only way I can pay my bills." State's Ex. 1. Officer

Harris opened the container and showed it to Ross, to which he stated, "that's the only way I can pay my bills." State's Ex. 1. Inside the container, Officer Harris discovered approximately 100 pill tablets and marijuana. Subsequent laboratory testing confirmed that the Tupperware container contained 13.64 grams of marijuana and methamphetamine tablets with a combined weight of 10.6307 grams.

[3] On September 10, 2019, the State charged Ross with Level 2 felony methamphetamine dealing, Level 3 felony methamphetamine possession, and Class A misdemeanor marijuana possession. Ross moved to suppress, *inter alia*, the statements he made to police, arguing that they were obtained in violation of his *Miranda* rights, which motion the trial court denied on November 12, 2019. On January 23, 2020, a jury trial was held, at which Ross renewed his objection to the admission of his statements to police, which was overruled by the trial court. At the conclusion of trial, Ross was found guilty as charged. On February 12, 2020, the trial court sentenced Ross to an aggregate sentence of ten years of incarceration with seven years suspended.

# Discussion and Decision

## I. *Miranda* Violation

[4] Ross contends that the trial court erroneously admitted the statements he made to Officer Harris because they were allegedly obtained in violation of *Miranda*. A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *Payne v. State*, 854 N.E.2d 7, 13 (Ind. Ct. App. 2006). "An abuse of

discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court." *Id.* Specifically, Ross challenges the admission of two statements. First, as Officer Harris removed the Tupperware container from Ross's vehicle, he stated, "[p]lease ma'am, that's the only way, that's the only way I can, that's the only way I can pay my bills." State's Ex. 1. Second, after Officer Harris opened the container and showed it to Ross, he stated, "that's the only way I can pay my bills." State's Ex. 1.

[5] *Miranda* rights only apply when a person is subject to a custodial interrogation. *White v. State*, 772 N.E.2d 408, 412 (Ind. 2002). "When an accused is subjected to custodial interrogation, the prosecution may not use statements stemming from that interrogation unless it demonstrates that use of procedural safeguards effective to secure the accused's privilege against self-incrimination." *Davies v. State*, 730 N.E. 2d 726, 733 (Ind. Ct. App. 2000) (citing *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)), *trans. denied*, *cert. denied*. We determine whether a person was in custody using an objective test, "asking whether a reasonable person under the same circumstances would believe themselves to be under arrest or not free to resist the entreaties of the police." *White,* 772 N.E.2d at 412. Given that Ross was detained and handcuffed by the assisting officers, there is no dispute that he was in custody for purposes of *Miranda*.

[6] We conclude, however, that Officer Harris was not interrogating Ross, at least when he made his first statement to her. "Under *Miranda*, interrogation includes express questioning and words or actions on the part of the police that the police know are reasonably likely to elicit an incriminating response from the

suspect." *Id*. (internal quotations omitted). Statements that are volunteered do not amount to interrogation. *Id*.

[7] Our review of the record reveals that Ross's first statement was volunteered. As Officer Harris was removing the Tupperware container containing the contraband from Ross's vehicle, Ross stated, "[p]lease ma'am, that's the only way, that's the only way I can, that's the only way I can pay my bills." State's Ex. 1. There were no questions asked by the officers, and Officer Harris simply removing a piece of contraband from the vehicle cannot be regarded as an action reasonably likely to elicit an incriminating response. Regarding Ross's second statement, even assuming, *arguendo*, that Officer Harris's removal of the Tupperware lid and presentation of the container to Ross were actions reasonably likely to elicit an incriminating response from Ross, the statement is merely cumulative of his first statement. Consequently, the admission of the second statement, even if erroneous, can only be considered harmless error. *See Hunter v. State*, 72 N.E.3d 928, 932 (Ind. Ct. App. 2017) ("The improper admission of evidence is harmless error when the erroneously admitted evidence is merely cumulative of other evidence before the trier of fact."), *trans. denied*. Ross has failed to establish that the trial court abused its discretion in this regard.

## II. Sufficiency of the Evidence

[8] Ross contends that the State produced insufficient evidence to sustain his convictions for Level 2 felony methamphetamine dealing and Level 3 felony

methamphetamine possession. When reviewing the sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the factfinder's decision. *Young v. State*, 973 N.E.2d 1225, 1226 (Ind. Ct. App. 2012), *trans. denied*. It is the role of the factfinder, not ours, to assess witness credibility and weigh the evidence. *Id.* We will affirm a conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.*

[9] Specifically, Ross contends that the State failed to provide sufficient evidence to establish that he possessed the methamphetamine. Although Ross was not in actual possession of the methamphetamine when it was discovered by officers, "a conviction for a possessory offense does not depend on catching a defendant red-handed." *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). In cases where the State cannot show actual possession, a conviction for possession of contraband may rest instead on proof of constructive possession. *Id*. "A person constructively possesses contraband when the person has (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over it." *Id*. The factfinder "may infer that a defendant had the capability to maintain dominion and control over contraband from the simple fact that the defendant had a possessory interest in the premises on which an officer found the item." *Id*. In order to prove the intent element, the State must establish the defendant's knowledge of the presence of the contraband, which may be inferred from the defendant's exclusive dominion

and control over the premise containing the contraband. *Goliday v. State*, 708 N.E.2d 4, 6 (Ind. 1999).

[10] Here, there is no dispute that the vehicle belonged to Ross, which established that he had the capability to maintain dominion and control over the methamphetamine. Moreover, the record indicates that Ross had exclusive dominion and control over the vehicle containing the methamphetamine, proving his intent. Officer Harris testified that prior to stopping Ross, she had observed him driving the vehicle. Officer Harris also testified that she had not observed any other individuals inside or exiting Ross's vehicle nor any individuals walking in the area. Last, when Officer Harris removed the Tupperware container containing the methamphetamine and marijuana, Ross stated, "[p]lease ma'am, that's the only way, that's the only way I can, that's the only way I can pay my bills." State's Ex. 1. That statement alone is a clear admission that the methamphetamine and marijuana belonged to Ross. Ross attempts to overcome this inference of exclusive control by claiming, as he did at trial, that an unknown female, whom he was trying to sell a purse to, placed the contraband in his vehicle and fled upon the arrival of law enforcement. Ross's argument is merely an invitation to reweigh the evidence and judge witness credibility, which we will not do. *Young*, 973 N.E.2d at 1226.

[11] We affirm the trial court's judgment.

Najam, J., concurs.

Mathias, J., concurs with opinion.

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy Ross,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | Court of Appeals Case No.<br>20A-CR-561 |

**Mathias, Judge, concurring.**

[12] I write separately to note that it appears that Ross was *never* advised of his *Miranda* rights: even after he was placed in restraints and informed that he had an outstanding warrant, even as the police searched his car, and even after he was taken to the police station where the police continued to talk to him. Had the officers taken this simple precaution, shortly after they informed him of their warrant for his arrest, they would have ensured that all of Ross's statements would be admissible in court. By failing to do so, they took the risk that any response to any interrogation would be inadmissible.

[13] What happened in this case is unique. From the time officers approached Ross in his motor vehicle, Ross continuously volunteered information to the officers

in an effort to explain and extricate himself from the situation. Instead, his conversations made things worse for him. As the saying goes, Ross "cooked his own goose."

[14] I also believe that Officer Harris's action of showing the content of the container to Ross was reasonably likely to elicit an incriminating response from him. In other words, he was subject to custodial interrogation. However, because his response was merely cumulative of his previous statement, which was volunteered, I agree that any error in the admission of Ross's statement was harmless.

[15] With these observations, I fully concur in Chief Judge Bradford's opinion in this case.